IN RE: INQUIRY CONCERNING A JUDGE, NO. 137, W. TERRY SHERRILL,
RESPONDENT

No. 607A90

(Filed 2 May 1991)

1. **Judges § 7 (NCI3d)— resignation—jurisdiction of Judicial Standards Commission**

    The resignation of respondent judge from his judicial office did not deprive the Judicial Standards Commission or the Supreme Court of jurisdiction where the Commission had notified the judge prior to his resignation that formal proceedings had been instituted against him and he had been served personally with that notice and a copy of the verified complaint. Moreover, the disciplinary proceeding did not become moot by reason of the resignation because the Court was still required to determine whether the additional sanctions specified by N.C.G.S. § 7A-376 were to be imposed.

    **Am Jur 2d, Judges §§ 17, 50.**

2. **Judges § 7 (NCI3d)— willful misconduct—drug abuse—removal from office**

    **Am Jur 2d, Judges §§ 18-20, 50.**

PROCEEDING before the Supreme Court upon the recommendation of the North Carolina Judicial Standards Commission that the respondent, W. Terry Sherrill, a judge of the General Court of Justice, Superior Court Division, be removed from office as provided by N.C.G.S. § 7A-376.

IN RE SHERRILL

[328 N.C. 719 (1991)]

PER CURIAM.

The issue before this Court, as a result of the recommendation of the North Carolina Judicial Standards Commission (hereinafter "Commission"), concerns whether certain conduct by the respondent, W. Terry Sherrill, was willful misconduct in office or "conduct prejudicial to the administration of justice that brings the judicial office into disrepute," within the meaning of N.C.G.S. § 7A-376, justifying his removal from office with the resulting statutory disqualification from receiving retirement benefits and holding further judicial office. Neither the Commission nor the respondent submitted briefs to this Court addressing that issue.

The facts giving rise to the Commission's recommendation that the respondent be removed from office are not in dispute. The Commission, meeting in Raleigh on 30 November 1990, considered the case against the respondent based upon the complaint previously filed by the Special Counsel for the Commission and the respondent's answer. Findings of fact were stipulated to by the respondent, his counsel and the Special Counsel for the Commission, as follows:

2. The Respondent, W. Terry Sherrill, was a judge of the General Court of Justice, Superior Court Division, Twenty-sixth Judicial District, on March 10, 1990, when the Respondent possessed marijuana, cocaine, and drug paraphernalia, in violation of N.C.G.S. §§ 90-95(a)(3) and 90-113.22. The Respondent was arrested for these offenses at approximately 10:30 p.m. on March 10, 1990 by Officer M. D. Hager of the Charlotte Police Department, while the Respondent was seated in his personal vehicle in front of 1827 Wilmore Drive, Charlotte, North Carolina.

3. On March 15, 1990, the Judicial Standards Commission notified the Respondent that it had ordered a preliminary investigation of the alleged misconduct on his part. At the time of this notification, the Respondent was still a Superior Court Judge and as such was subject to the Canons of the North Carolina Code of Judicial Conduct, the laws of the State of North Carolina, and the provisions of the oath of office for a Superior Court Judge set forth in the North Carolina General Statutes, Chapter 11.

4. That on March 19, 1990, the Respondent was placed in a Deferred Prosecution Program for the offenses arising

**IN RE SHERRILL**

[328 N.C. 719 (1991)]

out of his arrest on March 10, 1990 for misdemeanor possession of marijuana, misdemeanor possession of drug paraphernalia, and felony possession of cocaine. The Deferred Prosecution Program was to be one year in duration and required the Respondent to:

(a) Tender an immediate resignation as a Superior Court Judge;

(b) Tender his law license to the State Bar;

(c) Submit to and complete drug treatment as recommended.

5. On July 6, 1990, the Respondent notified Ms. Tonda B. Wilde, Director of Criminal Justice Services, TASC (Treatment Alternatives to Street Crimes) that he had tested positive for cocaine use by his then employer. A subsequent test administered by TASC to the Respondent on July 16, 1990 indicated he tested positive for cocaine on that day also.

6. On July 30, 1990, the Mecklenburg County Grand Jury indicted the Respondent for felony possession of cocaine, possession of drug paraphernalia and possession of marijuana.

7. On August 13, 1990, the Respondent entered a plea of guilty to all charges and received a one year active sentence.

The Commission concluded "that the actions of the respondent constitute willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute and his actions violate Canons 1 and 2A of the North Carolina Code of Judicial Conduct, the laws of the State of North Carolina, and his oath of office." Based upon the stipulated findings of fact and its conclusions relating thereto, the Commission, on 12 December 1990, recommended "that the Supreme Court remove the respondent and disqualify him from holding further judicial office."

[1] We first note that the respondent tendered his resignation from his judicial office on 19 March 1990. However, the tender of his resignation did not deprive the Commission or this Court of jurisdiction. Prior to the respondent's tender of his resignation, the Commission had notified him that formal proceedings had been instituted against him, and he had been served personally with that notice and a copy of the verified complaint specifying the charges against him. Therefore, the Commission and this Court

retained jurisdiction over the respondent and the charges against him. *In re Hunt*, 308 N.C. 328, 302 S.E.2d 235 (1983); *In re Peoples*, 296 N.C. 109, 250 S.E.2d 890 (1978), *cert. denied*, 442 U.S. 92, 61 L. Ed. 2d 297 (1979). We further note that the issues raised in this disciplinary proceeding have not become moot by reason of the respondent's tender of his resignation. *Peoples*, 296 N.C. at 151, 250 S.E.2d at 914. This Court is still required to decide whether the respondent's conduct merits his removal from office in order to determine whether the additional sanctions specified in N.C.G.S. § 7A-376 are to be imposed. *Id.*

[2] Turning to the issues presented by the Commission's recommendation, this Court concludes that the Commission's findings of fact were supported by the findings of fact stipulated to by the respondent. Therefore, we accept the Commission's findings and adopt them as our own. Based upon those findings and the recommendation of the Commission, we conclude and adjudge that the respondent's conduct constituted willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute, for which he should be removed from office. Therefore, it is ordered by the Supreme Court of North Carolina, in conference, that the respondent, W. Terry Sherrill, be, and he is hereby, officially removed from office as a judge of the General Court of Justice, Superior Court Division. As a consequence of his removal from office, the respondent, W. Terry Sherrill, is disqualified by statute from holding further judicial office and is ineligible for retirement benefits. N.C.G.S. § 7A-376 (1989).