457 S.E.2d 509

**In the Matter of John HEY, Judge, Circuit Court of Kanawha County.**

**No. 22243.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 1, 1995.

Decided April 14, 1995.

Allan N. Karlin, Special Disciplinary Counsel, Charleston.

Thomas W. Smith, Charleston, for Judge John Hey.

PER CURIAM:

This matter is before the Court upon the recommendation of the Judicial Hearing Board that this Court accept and ratify a proposed settlement agreement entered into between the Judicial Investigation Commission and the respondent, John Hey, who previously was Judge of the Circuit Court of

Kanawha County. The agreement, if adopted by the Court, will dispose of two judicial ethics charges filed against Judge Hey. The first charge asserts that Judge Hey violated the Canons of Judicial Ethics by sexually harassing female employees of the Kanawha County Circuit Court. The second charge states that Judge Hey inappropriately appeared on the bench in an intoxicated state. We have reviewed the recommendation of the Judicial Hearing Board, as well as the issues raised and the facts presented, and we have concluded that it is appropriate to accept the proposed settlement agreement.

## I. Facts

This judicial ethics proceeding was formally instituted by the Judicial Investigation Commission when it filed a judicial ethics complaint with the Judicial Hearing Board on April 22, 1994.[1] That complaint specifically alleged that:

Judge John Hey has engaged in sexual harassment of female court employees including but not limited to unwanted and unwelcome touching, unwanted and unwelcome kissing, making crude sexual comments, and asking for sexual favors.

The Commission has also received allegations that Judge Hey has appeared in Court smelling of alcohol and having the physical appearance of being intoxicated.

After the filing of the judicial ethics complaint, the Judicial Investigation Commission and Judge Hey, or his representative, filed a number of motions and engaged in discovery. He also entered into discussions about the possible settlement of the case. Eventually, they arrived at the proposed settlement agreement which is presently before the Court. In that proposed agreement it was stated that:

Judge Hey will accept responsibility for his actions including a statement, on the record, that:

(a) He does not deny that, on a number of occasions, he approached a court employee, spoke to her with lewd and vulgar language, touched and kissed her without

1. Informal complaints had previously been filed by aggrieved parties with the Judicial Investigation Commission and had been investigated by the Commission.

her consent, and used language and behavior toward her which were offensive and sexual in nature;

(b) On a number of occasions he made comments to another court employee of an offensive nature which may be reasonably construed to be sexual harassment;

(c) On at least two occasions he was under the influence of alcohol while on the bench and, at that time, made offensive and inappropriate remarks to litigants and/or attorneys appearing before him.

Judge Hey also agreed to petition this Court to accept his resignation from the practice of law. He consented to being censured for violations of Canons 1, 2 and 3 of the Judicial Code of Ethics, and he agreed to pay a fine of Ten Thousand Dollars and to pay the costs of the disciplinary proceedings, including the cost of Special Counsel for the Judicial Investigation Commission, which may amount to almost Twenty Thousand Dollars. He explicitly waived any appeal with regard to the fine amount being in excess of the maximum amount allowable under the Rules of Judicial Disciplinary Procedure. He also undertook to apologize for any embarrassment and indignity which he may have caused to individuals, to the judiciary, or to the people of the State of West Virginia.

In a hearing conducted before the Judicial Hearing Board on November 17, 1994, the proposed settlement agreement was presented to the Judicial Hearing Board. Both the Judicial Investigation Commission and the attorney for Judge John Hey recommended that the Hearing Board accept the agreement, and also asked that the Judicial Hearing Board recommend that we accept and ratify the agreement.

In recommending that the Hearing Board accept the proposed agreement, Special Counsel for the Judicial Investigation Commission stated that the proposed agreement was arrived at by all the parties and acceptable to the victims of the activities charged. He specifically said:

Throughout my involvement in this case, I have made every effort to work closely and keep in touch with the individual victims who have made allegations about Judge Hey and in particular with those who had made allegations about Judge Hey's conduct within the last two years.

This agreement which you have before you is an agreement that was approved by all individuals who had allegations that were made to me about any misconduct by Judge Hey within the two-year statute of limitations.

He also stated:

Very early on, when I first became involved, because of concerns of two individuals [victims], I urged them to get their own counsel, which was subsequently—which they subsequently did and who, as I understand it, expenses were paid for by the judiciary in order to insure that they didn't have to incur any expense in this process.

I have been in touch with him throughout these proceedings and he has spoken regularly to me about their concerns and about what they felt needed to be done in order for justice to be done here. I want to emphasize that what—I want to emphasize one thing.

From very early on, their attorney made it clear to me that they did not want to come before this Board and testify unless we could not get a just resolution and I want to emphasize that. I was getting very strong feedback from two of the victims through their attorneys that they did not want to testify if I could arrange for what they considered to be and I considered to be—I should emphasize that they didn't want to take it over for me, but I could arrange for a resolution that I considered to be just and they approved.

Special Counsel for the Judicial Investigation Commission also stressed that all parties to the matter concurred in the agreement and felt that it was an adequate and fair resolution of the proceedings. He said:

There were other individuals involved, two other individuals involved in the various allegations about harassment and alcohol because there are two allegations here within the two-year period. I also spoke to them throughout my work on the case, both in terms of developing it and in terms

of providing them with an opportunity for feedback on whether they had any objections to this particular agreement and they all concur in this agreement, that it is an adequate and fair resolution of these proceedings.

During the November 17, 1994, hearing before the Judicial Hearing Board, Judge Hey also made a statement. In the statement he acknowledged that he had engaged in inappropriate conduct while on the bench, and he publicly stated that he was afflicted with alcoholism. He added:

I wish to publicly apologize for any embarrassment my conduct has caused the woman I am charged with causing emotional upset. I also wish to apologize to my former colleagues on the bench for any embarrassment I may have caused the judiciary because I sincerely love the West Virginia judiciary.

I especially wish to apologize to my wife and my family and to the exceptionally fine people of Kanawha County who elected me to this position three different times. They did me the honor of electing me as a circuit judge three different occasions. For that, I will always be grateful.

At the conclusion of the hearing the Judicial Hearing Board accepted the proposed settlement agreement and submitted it to us with the recommendation that we accept it and conclude the judicial ethics proceedings against Judge Hey.

## II. Disability

It appears that prior to the filing of the Judicial Investigation Commission's complaint, Judge Hey, or his representative, entered into discussions with the Governor, or his representative, about the possibility of receiving disability retirement benefits under the legislation governing the Judicial Retirement System. On April 22, 1994, the same day the formal complaint was filed by the Judicial Investigation Commission, the Governor granted Judge Hey disability retirement pursuant to the provisions of *W.Va. Code*, 51–9–8 [1987], which provides, in part:

(a) Whenever a judge of a court of record of this state, who is not disqualified from participation herein as provided by section five [§ 51–9–5] of this article, who shall have served for ten full years ... as a judge of a court of record, shall become physically or mentally incapacitated to perform the duties of his or her office as judge during the remainder of his or her term and shall make a written application to the governor for his or her retirement, setting forth the nature and extent of his or her disability and tendering his or her resignation as such judge upon condition that upon its acceptance he or she shall be retired with pay under the provisions of this article, the governor shall make such investigation as the governor shall deem advisable and, if the governor shall determine that such disability exists and that the public service is suffering and will continue to suffer by reason of such disability, the governor shall thereupon accept the resignation and, by written order filed in the office of the secretary of state, direct the retirement of the judge for the unexpired portion of the term for which such judge was elected or appointed.... The retired judge shall thereupon be paid annual retirement pay during the remainder of his or her unexpired term in an amount equal to the annual salary he or she was receiving at the time of his or her disability retirement, which annual retirement pay, so long as it shall be paid to him or her, shall be in lieu of any and all retirement benefits such judge may otherwise have received under the provisions of this article[.]

The formal legal ethics complaint in the present proceeding challenged the propriety of Judge Hey's actions on the bench and toward *female employees of the circuit court.* It did not raise the issue of whether he had become physically or mentally incapacitated to perform his official duties. That issue was not subsequently made a part of the proceeding, and the sole question which the Court is presently asked to address is whether the proposed settlement agreement, which makes no mention of Judge Hey's disability retirement, should be accepted and adopted by this Court.

In the present proceeding the Court is only addressing the appropriateness of the

settlement agreement. Nothing in this opinion should be read, or construed, as a comment or ruling by the Court on the propriety of the action of the Governor in granting Judge Hey disability retirement benefits, and, since the parties have not raised the issue of the temporary suspension of Judge Hey's retirement benefits, that issue is, likewise, not addressed.[2]

### III. Ethical Questions

■ In considering whether to accept the proposed settlement agreement in the present proceeding, this Court has consulted the Canons of the Judicial Code of Ethics which Judge Hey has been accused of violating. The Court notes that Canon 1 provides:

> An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

Canon 2A provides: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Lastly, the Court notes that Canon 3 provides:

> The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law. In the performance of these duties, the following standards apply:

> B. Adjudicative Responsibilities.

> (4) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, and of staff, court officials, and others subject to the judge's direction and control.

We note that these Canons largely follow the language and precepts of the Model Code of Judicial Conduct adopted by the American Bar Association. In fact, the language of West Virginia's Canon 3, which is quoted above, and under which Judge Hey is charged, is identical to the language of Canon 3 of the Model Code of Judicial Conduct.

In the official commentary on Canon 3 of the American Bar Association's Model Code of Judicial Conduct it is clear that sexual harassment is a proscribed judicial activity, for it explicitly states that: "A Judge must refrain from speech, gestures or other conduct that could reasonably be perceived as sexual harassment and must require the same standard of conduct of others subject to the judge's direction and control."

A number of jurisdictions which have addressed the propriety of sexual harassment by a judge have also concluded that it is highly inappropriate. For instance, in *Ryan v. Commission on Judicial Performance*, 247 Cal.Rptr. 378, 45 Cal.3d 518, 754 P.2d 724 (1988), it was held that a judge's telling offensive jokes to female attorneys in his chambers constituted prejudicial conduct. In *In re Miera*, 426 N.W.2d 850 (Minn.1988), the Minnesota Court held that a judge's making improper sexual advances to a court employee warranted the imposition of severe sanctions. In *Matter of Gelfand*, 518 N.Y.S.2d 950, 70 N.Y.2d 211, 512 N.E.2d 533 (1987), it was recognized that the making of implicit and explicit threats to court officials and others in order to prolong a sexual relationship with a law assistant, and later to

---

**2.** Article VIII, § 8 of the *West Virginia Constitution,* which is quoted in n. 3, *infra,* authorizes this Court to censure or temporarily suspend a circuit judge for violation of the ethical standards of judicial conduct which it adopts. The constitutional provision does not authorize the Court to remove a circuit judge from office, nor does it authorize this Court to suspend the disability retirement benefits of a judge who has been found to be entitled to such benefits by the Governor and who has left the bench.

As indicated in the body of the opinion, the parties have not raised the propriety of the payment of disability benefits to Judge Hey, and without thoroughly exploring the issue, the Court believes that, given the constitutional authority of the Governor, there are substantial constitutional impediments to the Court's suspending, even temporarily, a circuit judge's disability retirement benefits after the benefits have been granted by the Governor, and after the judge has left the bench.

exact personal vengeance when she refused to continue their affair, together with a lack of candor during disciplinary proceedings, warranted removal of a surrogate judge. Finally, the Washington court, in *Matter of Deming,* 108 Wash.2d 82, 736 P.2d 639 (1987), indicated that sexually harassing and intimidating women subject to judicial authority would be a factor warranting the removal of a judge.

Further, as previously noted, Judge Hey was charged with appearing on the bench in an intoxicated state and with engaging in inappropriate conduct.

Canon 2A of the West Virginia Code of Judicial Ethics requires that a judge comply with the law and conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. This Canon is identical to the corresponding Canon of the American Bar Association's Model Code of Judicial Conduct. The official commentary on the Model Code language explains that: "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired."

In this Court's view, it is widely recognized and perceived that intoxication impairs an individual's judgment, and we believe that the appearance of a judge on the bench in an intoxicated state would be a circumstance which would create in reasonable minds the perception that the judge's ability to carry out his judicial responsibilities with integrity, impartiality, and competence was impaired.

█ This Court has rather consistently recognized that its role in a judicial ethics proceeding is to evaluate the record developed and to assess the recommendation of the Judicial Hearing Board in light of that

evaluation. As stated in syllabus point 1 of *West Virginia Judicial Inquiry Commission v. Dostert,* 165 W.Va. 233, 271 S.E.2d 427 (1980): "The Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings." *See also* syl. pt. 1, *Matter of Crislip,* 182 W.Va. 637, 391 S.E.2d 84 (1990); syllabus, *Matter of Gorby,* 176 W.Va. 11, 339 S.E.2d 697 (1985).

After evaluating the facts in the present case, we believe that the record does clearly and convincingly show that Judge Hey engaged in the conduct charged by the Judicial Investigation Commission. In fact, in the proposed settlement agreement, and in his statement before the Judicial Hearing Board, Judge Hey unquestionably has acknowledged that he engaged in the conduct charged and recognizes that the conduct was inappropriate.

Under the circumstances, sanctions against Judge Hey are appropriate.

We note that Rule 4.12 of the Rules of Judicial Disciplinary Procedure, effective July 1, 1994, outlines the sanctions that this Court may generally impose, which include:

> (1) admonishment; (2) reprimand; (3) censure; (4) suspension without pay for up to one year; (5) a fine of up to $5,000; or (6) involuntary retirement for a judge because of advancing years and attendant physical or mental incapacity and who is eligible to receive retirement benefits under the judges' retirement system or public employees retirement system.[3]

The sanctions which Judge Hey has voluntarily agreed to accept in the proposed settlement agreement exceed the sanctions which this Court might appropriately impose under this Rule. We, however, note that in addi-

---

**3.** This rule, and the other Rules of Disciplinary Procedure, were adopted by this Court pursuant to the authority granted to it by article VIII, section 8 of the *West Virginia Constitution* which provides, in relevant part:

> Under its inherent rule-making power, which is hereby declared, the supreme court of appeals shall, from time to time, prescribe, adopt, promulgate and amend rules prescribing a judicial code of ethics, and a code of

regulations and standards of conduct and performances for justices, judges and magistrates, along with sanctions and penalties for any violation thereof, and the supreme court of appeals is authorized to censure or temporarily suspend any justice, judge or magistrate having the judicial power of the State, including one of its own members, for any violation of any such code of ethics, code of regulations and standards[.]

tion to the sanctions which this Court may impose under Rule 4.12, Rule 4.10 of the Rules of Judicial Disciplinary Procedure provides legal authority for the Court to impose other sanctions if the parties agree to those sanctions. Rule 4.10 specifically provides, in part: "If the parties [in a judicial disciplinary matter] consent to the recommended disposition, the matter shall be filed with the Supreme Court of Appeals for entry of an order consistent with the recommended disposition[.]" As has been stated previously, the Judicial Investigation Commission and Judge Hey have agreed, and Judge Hey has, in effect, consented to, the imposition of the sanctions contained in the proposed settlement agreement.

In this Court's opinion, the conduct admitted by Judge Hey was egregious and deplorable. It represents a fundamental abuse of power that seriously undermines public confidence in the integrity and impartiality of the judiciary. Under ordinary circumstances, the Court would be inclined to impose the most severe sanction permitted by Rule 4.12 of the Rules of Judicial Disciplinary Procedure. Although the award of disability has, to a degree, limited the available alternatives, we note that, in many respects, the agreement, in fact, imposes severe sanctions such as assessing a fine of Ten Thousand Dollars, and taxing costs, which may amount to almost Twenty Thousand Dollars. Additionally, Special Counsel for the Judicial Investigation Commission has indicated that the victims concur in the agreement, which relieves them of the embarrassment of publicly testifying about the details of their sexual harassment.

For the reasons stated, the settlement agreement entered into between the parties to this proceeding is accepted, adopted, and ratified, and this proceeding is dismissed.

Agreement accepted, adopted, and ratified, and proceeding dismissed.

BROTHERTON, J., did not participate.

CHAFIN, Judge, sitting by temporary assignment.