515 S.E.2d 828

**In the Matter of Danny BINKOSKI, Magistrate for Hancock County.**

**Nos. 25042, 25176.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 16, 1999.

Decided May 19, 1999.

Charles R. Garten, Esq., Judicial Investigation Commission, Charleston, West Virginia, Attorney for Petitioner.

Mike Kelly, Esq., Frances A. Hughes, Esq., Charleston, West Virginia, Attorneys for Respondent.

1. Canon 1 states:
   An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code are to be construed and applied to further that objective.

**PER CURIAM:**

This matter is before this Court upon the recommendations of the Judicial Hearing Board ("Board") that this Court ratify a proposed Memorandum Agreement ("agreement") entered into between the Judicial Investigation Commission ("Commission") and the respondent, Danny Binkoski ("Binkoski"), a former magistrate in Hancock County. The agreement, if adopted by this Court, will dispose of two judicial complaints filed against the respondent.

The first complaint alleges that Binkoski violated the *Canons of Judicial Conduct* by driving under the influence of alcohol and possessing less than 15 grams of marijuana. The second complaint alleges that Binkoski attempted to encourage a witness to be less than candid about Binkoski's behavior relative to the two charges.

We conclude that it is inappropriate to ratify the proposed agreement. However, we order that Binkoski be censured, and we require that he pay the costs associated with the resolution of this matter.

**I.**

The facts of this matter are not in dispute. On January 10, 1998, Binkoski was arrested and charged in Hancock County with first offense driving under the influence of alcohol and possession of marijuana. On April 23, 1998, Binkoski entered a plea of guilty to first offense driving under the influence of alcohol, and to possession of less than 15 grams of marijuana. By order of this Court, Binkoski was suspended from his judicial duties without pay on April 30, 1998. On the same day, the Commission filed a complaint against Binkoski, alleging that he had violated Canon 1 and Canon 2A of the Code of Judicial Conduct [1993].[1]

Canon 2 states, in part:
   A. A judge shall respect and comply with the law, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

The Commission filed a second complaint against Binkoski on June 9, 1998, alleging that he had attempted to persuade a witness to be less than totally truthful and candid about what occurred on the night Binkoski was arrested.

A hearing was conducted before the Board on September 11, 1998 on both complaints. At the hearing, the Commission and Binkoski submitted a proposed agreement to the Board.[2]

The Board unanimously accepted the agreement, and has submitted the agreement to this Court with the recommendation that we ratify it and conclude the proceedings in this matter.

The Board's recommended Findings of Fact, Conclusions of Law and Proposed Disposition were filed with this Court on October 7, 1998. By letter dated December 17, 1998, Binkoski resigned his office as Hancock County Magistrate, to be effective January 4, 1999. Binkoski is no longer serving as a magistrate, but we, nevertheless, must address the agreement and the proposed disposition of this disciplinary action.

## II.

■ This Court is required to review and to make an independent evaluation of the Board's findings and recommendations. As we have held, "[t]he Supreme Court of Appeals will make an independent evaluation of the record and recommendations of the Judicial [Hearing] Board in disciplinary proceedings." Syllabus Point 1, *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427 (1980).

■ We have also stated that, "[i]ncluded within this independent evaluation is the right to accept or reject the disciplinary sanction recommended by the Board." *Matter of Crislip*, 182 W.Va. 637, 638, 391 S.E.2d 84, 85 (1990).

■ The purpose of this independent evaluation was set out in the Syllabus of *In the Matter of Gorby*, 176 W.Va. 16, 339 S.E.2d 702 (1985), where we held that:

The purpose of judicial disciplinary proceedings is the preservation and enhancement of public confidence in the honor, integrity, dignity, and efficiency of the members of the judiciary and the system of justice.

Rule 4.12 of the Rules of Judicial Disciplinary Procedure [1998] establishes the sanctions that may be recommended by the Board and imposed by this Court. These sanctions include:

(1) admonishment; (2) reprimand; (3) censure; (4) suspension without pay for up to one year; (5) a fine of up to $5,000; or (6) involuntary retirement for a judge because of advancing years and attendant physical or mental incapacity and who is eligible to receive retirement benefits under the judges' retirement system or public employees retirement system.

We note that the sanctions provided for in the agreement and proposed disposition exceed the sanctions that may be imposed under Rule 4.12.[3] However, under Rule 4.10 of the Rules of Judicial Disciplinary Procedure [1994], if the parties to a judicial disciplinary matter "consent to the recommended disposition, the matter shall be filed with the Supreme Court of Appeals for entry of an order

---

**2.** The proposed agreement provided:

1. That the Respondent will serve a one (1) year suspension from his Judicial duties without pay, commencing on May 1, 1998 and ending on April 30, 1999.

2. The Respondent will, at his expense, submit to random drug screening during the rest of his term in office which ends in the year 2000. The testing will be conducted by Robert Joltes, Chief Probation Officer Marshall County, or his designee and will follow such protocol as established by Mr. Joltes.

3. If the Respondent fails one drug test conducted pursuant to this agreement, he will immediately submit his resignation from the office of Magistrate to the Chief Judge in the First Judicial Circuit.

4. The Respondent will continue to attend weekly treatment sessions until the end of his term which continues until the year 2000. Verification of such attendance shall be filed with the Court each month.

5. The Respondent will pay for the cost of the investigations and prosecution of these matters.

**3.** The proposed agreement would have required Binkoski to resign from his position as magistrate if he failed his mandatory drug tests.

consistent with the recommended disposition[.]" *In the Matter of Hey,* 193 W.Va. 572, 578, 457 S.E.2d 509, 515 (1995) (*per curiam*).

As stated, the Commission and Binkoski agreed to the imposition of the sanctions contained in the agreement, and the Board recommended that the Court ratify the agreement. In the interim, between the Board's recommendation and the review by this Court, Binkoski resigned.

■ The conduct admitted to by Binkoski was addressed by the proposed agreement. However, Binkoski's resignation renders the issues of suspension, drug testing and treatment moot. The only remaining reasonable sanction open to this Court is public censure.[4]

A censure under Rule 4.12 of the Rules of Judicial Disciplinary Procedure, "constitutes formal condemnation of a judge who has engaged in conduct which violated the Code of Judicial Conduct." A public censure is the strongest remaining sanction.

For the foregoing reasons, the agreement entered into between the parties to this proceeding is determined to be moot as to suspension, drug testing and treatment. The remaining issues relate to sanctions and costs of the proceeding.

Accordingly, this Court orders that Binkoski be censured by this Court, and that he be required to pay the cost of the investigation and prosecution incurred in this matter.

Public Censure; Costs Ordered.

---

4. Webster's New Collegiate Dictionary (10th ed. 1996) defines "censure" as, "a judgment involving condemnation ... the act of blaming or condemning sternly ... an official reprimand."