**In the Matter of the Inquiry Concerning James A. WEAVER, District Associate Judge.**

No. 04–1457.

Supreme Court of Iowa.

Dec. 10, 2004.

## ORDER

This matter comes before the court, Wiggins, J., taking no part, upon the unanimous recommendation of the Commission on Judicial Qualifications that Judge James A. Weaver, District Associate Judge for the Seventh Judicial District, receive a public reprimand. *See* Iowa Code §§ 602.2101–07 (2001) (outlining procedure for judicial discipline). For the reasons set forth below, we accept the commission's recommendation and reprimand Judge Weaver.

The facts are not disputed. On November 11, 2002, Judge Weaver was arrested for drunk driving. Four days later, he pled guilty to operating while intoxicated, first offense, in violation of Iowa Code section 321J.2. Judge Weaver was fined $1000, sentenced to 120 days in jail, all but two days suspended, and ordered to undergo treatment.

Iowa Code section 602.2106(3)(*b*) provides that we may, upon application by the commission,

[d]iscipline or remove [a] judicial officer for persistent failure to perform duties, habitual intemperance, willful misconduct in office, conduct which brings judicial office into disrepute, or substantial violation of the canons of judicial ethics . . . . .

*See also* Iowa Const. art. V, § 19 (supreme court, upon application of commission, may

discipline judges "for good cause"). Here the commission, after a hearing, found Judge Weaver's actions constituted willful misconduct in office, brought the judicial office into disrepute, and violated two canons of the Iowa Code of Judicial Conduct. In particular, the commission found Judge Weaver violated Canons 1 and 2A of the Iowa Code of Judicial Conduct, which state, respectively that

A judge ... should observe ... high standards of conduct so that the integrity and independence of the judiciary may be preserved.

and

A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Having reviewed the evidence, the commission's application, and the parties' briefs, we find Judge Weaver's actions run afoul of these provisions and thus merit discipline. Judge Weaver's actions cast a long shadow upon the judicial system; he must be held accountable, lest public confidence in the judiciary is eroded. *See In re Inquiry Concerning Eads*, 362 N.W.2d 541, 551 (Iowa 1985).

For the foregoing reasons, we hereby reprimand Judge James A. Weaver.

/s/ Louis A. Lavorato
Louis A. Lavorato, Chief Justice.