ATTORNEY FOR HON.
JOHN F. HANLEY, JUDGE

Lowell A. Shroyer
Indianapolis, Indiana

ATTORNEY FOR THE COMMISSION
ON JUDICIAL QUALIFICATIONS

Meg W. Babcock
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S00-0703-JD-86

IN THE MATTER OF THE HONORABLE
JOHN F. HANLEY, JUDGE
IN THE MARION SUPERIOR COURT

JUDICIAL DISCIPLINARY ACTION

**May 31, 2007**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent herein, John F. Hanley, Judge of the Marion Superior Court. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the filing of formal charges by the Commission, the parties jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" in which the parties have stipulated to the following facts. On Monday, December 4, 2006, the Respondent was arrested and subsequently charged with operating a motor vehicle with an alcohol concentration equivalent of at least .15 gram of alcohol per either 100 milliliters of the person's blood or 210 liters of the person's breath, a class A misdemeanor, *see* Ind. Code § 9-30-5-1(b),

and two other related charges. Pursuant to a plea agreement, the Respondent pled guilty to the class A misdemeanor charge and the State dismissed the remaining two charges. The court sentenced the Respondent to one year in the Marion County Jail, suspended but for one day served, and to one year of probation. The court accepted additional terms of the plea agreement that included the suspension of the Respondent's driver's license for ninety days and the payment of fines, costs, and fees totaling $509.50.

The Respondent and the Commission have agreed that driving with a blood alcohol concentration of .15 constitutes a violation of Canons 1(A)[1] and 2(A)[2] of the Code of Judicial Conduct, and that the Respondent has violated these Canons. The parties have also agreed that the Respondent has cooperated with the Commission throughout these proceedings, and that the appropriate sanction under the circumstances of this case is a public reprimand. The Court agrees with the parties.

Accordingly, John F. Hanley, Judge of the Marion Superior Court, is hereby reprimanded. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

[1] Canon 1A states:

> An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards in order to preserve the integrity and independence of the judiciary. The provisions of this Code are to be construed and applied to further that objective.

Ind. Judicial Conduct Canon 1(A).

[2] Canon 2A states, "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Jud. Canon 2(A).