# IN THE SUPREME COURT OF IOWA

No. 12–0256

Filed June 22, 2012

**IN THE MATTER OF HONORABLE DANIEL LEE BLOCK,**
Associate Juvenile Judge of the First Judicial District.

On application of the Iowa Commission on Judicial Qualifications.

Commission on judicial qualifications filed an application to discipline a judicial officer. **APPLICATION GRANTED; JUDICIAL OFFICER REPRIMANDED.**

Thomas J. Miller, Attorney General, and Scott D. Brown and Kevin R. Cmelik, Assistant Attorneys General, for complainant.

Carter J. Stevens of Roberts, Stevens, Prendergast & Guthrie, P.L.L.C., Waterloo, for respondent.

**CADY, Chief Justice.**

The Iowa Commission on Judicial Qualifications filed an application for imposition of discipline against an associate juvenile court judge for conduct that resulted in his arrest for the crime of operating while intoxicated, first offense. The Commission found the judicial officer violated the Iowa Code of Judicial Conduct and recommended he be publicly reprimanded. We find the judge violated the Code of Judicial Conduct and grant the application. We agree the appropriate discipline for the unethical conduct in this matter is a reprimand.

## I. Background Facts and Proceedings.

Daniel Block is an Iowa associate juvenile court judge. He is forty-eight years old and lives in Cedar Falls. He is married and has three children. Judge Block was admitted to the practice of law in Iowa in 1989, after graduating from Creighton Law School. He is active in his profession and his community. Judge Block is dedicated in his work and has maintained a good reputation as a judge. He has served the state as a juvenile court judge for fourteen years.

On November 27, 2010, Judge Block was arrested for operating while intoxicated, first offense. He had attended an evening charity event in Webster City and was driving in his vehicle from the event to the house of a friend where he had planned to stay overnight. His friend was a passenger in the vehicle. Judge Block consumed beer and alcoholic drinks prior to and during the charity event. He was stopped by a law enforcement officer for speeding and erratic driving. An open can of beer and a glass containing whiskey were discovered in the vehicle. Judge Block submitted to a breath test, which revealed an alcohol concentration level of .135. He was jailed and released the following

morning after posting bond. The judge was polite throughout the process and never attempted to use his position to alter the outcome.

The arrest received extensive coverage by the local media. Judge Block promptly informed the chief judge of the First Judicial District of the incident and understood he would inform the executive secretary of the Commission on Judicial Qualifications of the incident. He also promptly entered a plea of guilty to the charge of operating while intoxicated, first offense, and was granted a deferred judgment. The prompt resolution of the matter confined the media coverage to a brief period of time. A substance abuse evaluation subsequently revealed that Judge Block exhibited traits of a substance dependence disorder. He is a social drinker, but has tendencies to be a risk taker. He attended and completed a driving-under-intoxication education class.

On March 29, 2011, the Commission on Judicial Qualifications charged Judge Block with a substantial violation of Canon 1 of the Iowa Code of Judicial Conduct, including rule 51:1.1 and rule 51:1.2. He was also charged with engaging in conduct that brings the judicial office into disrepute in violation of Iowa Code section 602.2106(3)(*b*) (2011). Judge Block admitted the charges against him, and the matter proceeded to a hearing before the Commission.[1]

Judge Block testified at the Commission hearing. He was contrite and honest, accepted responsibility for his actions, and acknowledged his conduct gave the judiciary a "black eye." Following the hearing, the Commission filed an application with this court to discipline Judge

---

[1]The Commission on Judicial Qualifications is composed of seven members. Six were present for the hearing. At least four members must be present to conduct Commission business and to decide whether to submit a complaint to the supreme court. Iowa Code § 602.2103.

Block.  *See* Iowa Code § 602.2106.[2]  The Commission found the judge violated Canon 1, as well as rule 51:1.1 and rule 51:1.2.  It recommended he receive a public reprimand.

## II.  Scope and Standard of Review.

"Our standard of review of a recommendation of judicial discipline by the commission on judicial qualifications is de novo."  *In re McCormick,* 639 N.W.2d 12, 15 (Iowa 2002).  Ethical violations are required to be established by a convincing preponderance of the evidence. *Id.*

## III.  Violation.

The Iowa Code of Judicial Conduct contains four canons, each accompanied by numerous rules that more specifically define the conduct prohibited by the canons.  Both the canons and the rules within each canon can give rise to discipline.

Canon 1 addresses the need for judges to preserve the crown jewels of the judiciary—independence, integrity, and impartiality—and directs judges to uphold the fundamental qualities of judging by avoiding impropriety.[3]  *See* William H. Rehnquist, Chief Justice of the Supreme Ct., Keynote Address at the Washington College of Law of the American University Symposium: *The Future of the Federal Courts* (April 9, 1996), *in* 46 Am. U. L. Rev. 263, 274 (1996) (indicating an independent judiciary is "one of the crown jewels of our system of government today").  The canon does not prescribe the nature or scope of an "impropriety" that

---

[2]We act on an application from the Commission on Judicial Qualifications in the same manner as appeals in cases subject to expedited time requirements.  Iowa R. App. P. 6.902.

[3]Iowa Code of Judicial Conduct, Canon 1, provides, "A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary and shall avoid impropriety and the appearance of impropriety."

would constitute a violation, but the accompanying rules help shed some light. Rule 51:1.1 requires judges to "comply with the law." Rule 51:1.2 requires judges to "act *at all times* in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary" and to "avoid impropriety." (Emphasis added.) Thus, the canon not only captures conduct that violates the law, but also includes conduct that may not violate the law but nevertheless diminishes public confidence in the judiciary. It also includes conduct of a judge both on and off the bench. Together the canon and its accompanying rules emphasize that the independence, integrity, and impartiality of the judiciary are preserved when judges avoid impropriety.

While rule 51:1.1 requires judges to comply with the law, not all noncompliance with the law would violate the rule. Iowa Code section 602.2106(3)(*b*) authorizes discipline for a violation of the canons of judicial ethics only when the violation is "substantial." If the violation of the law is not the type that would diminish public confidence in the judiciary, it could not serve as a basis for discipline.

We have previously imposed discipline against a judge for operating a vehicle while intoxicated. *See In re Weaver*, 691 N.W.2d 725, 725 (Iowa 2004). While we have not declared the criminal offense of operating while intoxicated, first offense, to be a per se violation of Canon 1 and the accompanying rules, other courts generally agree that judges convicted of driving under the influence violate the code of judicial conduct. *See Miss. Comm'n on Judicial Performance v. Thomas*, 722 So. 2d 629, 630 (Miss. 1998) (citing cases indicating that judges arrested for or convicted of driving while under the influence violate the code of judicial conduct). Nevertheless, our task in this case is to determine whether the conduct of the judge amounted to a substantial violation of

the code of judicial conduct; and in doing so, we must consider the impact of the conduct as a whole, not just the nature of the resulting criminal conviction, on the indispensable public confidence of the judiciary.

Judge Block operated a motor vehicle while intoxicated in violation of Iowa Code section 321J.2. His blood alcohol level was .135. The law does not permit a person to operate a vehicle in Iowa with a blood alcohol level of .08 or more. Judge Block also allowed open containers of alcoholic beverages in his vehicle. He was speeding just prior to his arrest and was driving in an erratic manner. This conduct, as a whole, was improper and unacceptable for a judge. The crime was serious. The conduct was substantial. Additionally, the public reaction to the news of the conduct likely diminished its confidence in the integrity, and perhaps even the impartiality, of the judiciary. While the incident appeared to have been isolated and the judge responded to his misstep with the integrity and character befitting the profession, the totality of the conduct prior to the arrest, including the degree of intoxication, erratic driving, and open containers of alcoholic beverages was enough to adversely impact the public confidence in the judiciary. We find Judge Block violated Canon 1 and rules 51:1.1 and 51:1.2.[4]

---

[4]It is unnecessary to consider if Judge Block also violated Iowa Code section 602.2106(3)(*b*) by engaging in conduct that brings the judicial office into disrepute. In Iowa, grounds for judicial discipline are not only limited to a violation of the canons of judicial conduct, but are also defined by statute to include "conduct which brings judicial office into disrepute." Iowa Code § 602.2106(3)(*b*). Judge Block was originally charged with conduct that brings the office into disrepute, but the Commission made no separate finding on this charge. We review the Commission application de novo but, like the Commission, find it unnecessary to make a finding on additional statutory grounds once we have found the conduct constituted a substantial violation of Canon 1.

**IV. Discipline.**

The main purpose of judicial discipline is to restore public confidence in the judicial system and its judges. *In re Gerard*, 631 N.W.2d 271, 280 (Iowa 2001). Discipline is also imposed to protect the public and to deter other judges from engaging in unethical conduct. *Id.*

We have identified numerous factors to consider in determining the appropriate discipline in each case. *Id.* These factors are

1. whether the misconduct is isolated or a pattern of misconduct;

2. the nature, extent, and frequency of the acts of misconduct;

3. whether the misconduct occurred in or out of the courtroom;

4. whether the misconduct occurred in the judge's official capacity or in his or her private life;

5. whether the judge has acknowledged or recognized the misconduct;

6. whether the judge has made an effort to change or modify his or her conduct;

7. the length of service on the bench;

8. whether there have been any prior complaints;

9. the effect of the misconduct upon the integrity of and respect for the judiciary; and

10. the extent to which the judge exploited the judicial office to satisfy personal interests.

*See In re McCormick*, 639 N.W.2d at 16. Generally, each factor can be an aggravating or mitigating circumstance.

We have imposed a public reprimand in the past as discipline for a judge who was arrested and convicted of driving under the influence, first offense. *In re Weaver*, 691 N.W.2d at 725. This form of discipline is in line with the discipline normally imposed in other jurisdictions for similar conduct. *See In re Hanley*, 867 N.E.2d 157, 158 (Ind. 2007) (imposing reprimand); *In re D'Ambrosio,* 723 A.2d 943, 943 (N.J. 1999)

(reprimanding retired judge); *In re Resnick*, 842 N.E.2d 31, 32 (Ohio 2005) (imposing public reprimand); *In re Binkoski*, 515 S.E.2d 828, 831 (W. Va. 1999) (imposing public censure). An application of the factors to the circumstances of this case would not call for more serious discipline than a reprimand.

Judge Block asks that we consider a private reprimand. He points out that most of the factors used to determine the nature of the discipline to result from a violation mitigate in favor of a mild sanction. Generally, we agree. *See In re Brown*, 625 N.W.2d 744, 745 (Mich. 2000) (explaining how the various factors weigh to aggravate or mitigate discipline). A private reprimand, however, is not an available form of discipline once we grant an application submitted to us by the Commission. *See* Iowa Code § 602.2106(4). Once we grant an application in whole or in part, we are required to issue a decree.[5] This decree is made public. Accordingly, having found Judge Block committed a substantial violation of Canon 1 of our judicial ethics, and violated rules 51:1.1 and 51:1.2, we conclude he should be reprimanded for his conduct as a part of this decree.

### V. Conclusion.

We find Judge Daniel Block violated Canon 1 of the Iowa Code of Judicial Conduct as well as rules 51:1.1 and 51:1.2. We reprimand Judge Block for his conduct.

---

[5]The Commission is authorized to take action similar to a private admonition in response to a complaint. It may informally dispose of a complaint by requesting a conference with the judge. Iowa Ct. Rs. 52.10(8), 52.11(5). It may also issue a private letter of caution and warning to a judge when it finds the judge's conduct was questionable, but did not amount to misconduct or warrant the imposition of formal discipline. Iowa Ct. R. 52.26. In this case, the Commission chose to file an application for formal discipline instead of privately disposing of the complaint.

**APPLICATION GRANTED; JUDICIAL OFFICER REPRIMANDED.**

All justices concur except Zager, J., who takes no part.