### In re Paul Andrew WALTERS, District Justice in and for Magisterial District 19–3–10.

### No. 3 JD 96.

Court of Judicial Discipline of Pennsylvania.

May 2, 1997.

---

Before McEWEN, President Judge, and McCLOSKEY, CASSEBAUM, MAGARO, MESSA, SYLVESTER, WEINBERG and SWEENEY, JJ.

### DECISION OF THE COURT

MAGARO, Judge.

### I. Findings of Fact

In accordance with Court of Judicial Discipline Rule of Procedure 502(D)(1), the Judicial Conduct Board and the respondent have submitted stipulations of fact in lieu of trial.

The Court accepts the following facts as the facts necessary for disposition of this case.

1. The Judicial Conduct Board (hereinafter referred to as the "Board") is empowered by Article V, § 18 of the Constitution of Pennsylvania to file formal charges alleging conduct proscribed by that section on the part of judges, justices, or district justices and to present the case in support of the formal charges before the Court of Judicial Discipline.

2. District Justice Paul Andrew Walters (hereinafter referred to as the "respondent") is the duly-elected district justice serving York County Magisterial District 19–3–10, which encompasses the Townships of Monaghan, Carroll, Warrington, Washington and Franklin, and the Boroughs of Dillsburg, Franklintown and Wellsville, Pennsylvania.

3. Respondent commenced his judicial service on or about January of 1981, and has continued in that service through the present time.

4. Respondent, during the evening of December 9, 1995, and the early morning of December 10, 1995, consumed a quantity of alcoholic beverages at VFW Post 6771 in Dillsburg, York County, Commonwealth of Pennsylvania.

5. Respondent, thereafter, between approximately 12:30 a.m. and 12:53 a.m. on December 10, 1995, operated a Ford Bronco on the highways of the Commonwealth of Pennsylvania, specifically Harrisburg Street, U.S. Route 15 and Pennsylvania Route 74 in York County, Pennsylvania.

6. Respondent, at the time he operated said vehicle as aforesaid, was in actual physical control of a vehicle while the amount of alcohol in his blood was 10% or greater in violation of 75 Pa.C.S.A. § 3731(a)(4).

7. Respondent, while operating said vehicle as aforesaid on Pennsylvania Route 74 in the Township of Carroll, was stopped by Officer Rick Magee of the Northern York Regional Police Department.

8. Respondent underwent a blood test at about 2:22 a.m. on December 10, 1995, at the Memorial Hospital of York, Pennsylvania which established that the respondent's blood-alcohol content was .19% by weight.

## II. Discussion

The Judicial Conduct Board has filed charges contending that the conduct of the respondent constitutes:

1. a violation of the Motor Vehicle Code,
2. a violation of Rules 1, 2A and 13 of the Rules Governing Standards of Conduct for District Justices,
3. such that is prejudicial to the proper administration of justice,
4. such that brings the judicial office into disrepute,
5. a violation of Article V, § 17(b) of the Pennsylvania Constitution.

■ We conclude that the conduct of respondent as set forth in the Findings of Fact does constitute a violation of the Motor Vehicle Code and, thus, is a violation of § 17(b) of Article V of the Pennsylvania Constitution.

■ We conclude that the conduct of respondent does not constitute a violation of Rules 1 or 2A of the Rules Governing Standards of Conduct for District Justices.

Rule 1 is the same as Canon 1 of the Code of Judicial Conduct and we, therefore, here apply our interpretation of Canon 1 set forth in *In re Smith*, 687 A.2d 1229 (Pa.Ct.Jud. Disc.1996), and in *In re Cicchetti*, slip op filed March 31, 1997, 697 A.2d 297. This interpretation follows that which our Supreme Court expressed in *In the Matter of Larsen*, Appendix I, 532 Pa. 326, 616 A.2d 529, 558 (1992).

■ Rule 2A is the same as Canon 2 of the Code of Judicial Conduct and we apply here the interpretation of Canon 2 set forth in *In re Smith*, supra, and *In re Cicchetti*, supra, and thus find that respondent's conduct was not a violation of Rule 2A.

Rule 13 provides in pertinent part:

Rule 13. Incompatible Practices.

District justices ... shall not engage, directly or indirectly, in any activity or act incompatible with the expeditions [sic], proper and impartial discharge of their duties, including, but not limited to, (1) in [sic] any activity prohibited by law.

It is readily seen that the rule is structured so that the activity prohibited by law, referred to in subparagraph (1) is only a modification of "activity ... incompatible with the expeditio[us], proper and impartial discharge of their duties." Since the conduct here involved—driving under the influence—can in no way be construed as activity incompatible with the expeditious, proper and impartial discharge of the duties of a district justice, it cannot be the prohibited activity referred to in subsection (1). Thus, we find that the conduct of respondent did not constitute a violation of Rule 13.

We conclude that the conduct of respondent set forth in the Findings of Fact was not such that was prejudicial to the proper administration of justice or such that brought the judicial office into disrepute. See, *In re Smith, supra.*

## III. Conclusions of Law

1. The conduct of respondent set forth in the Findings of Fact constituted a violation of Section 3731(a)(4) of the Motor Vehicle Code, 75 Pa.C.S.A. § 3731(a)(4).

2. The conduct of the respondent constituted activity prohibited by law and is, therefore, a violation of Article V, § 17(b) of the Pennsylvania Constitution.

3. The conduct of respondent did not constitute:

(a) a violation of Rules 1, 2A or 13 of the Rules Governing Standards of Conduct for District Justices;

(b) such that prejudiced the proper administration of justice, or

(c) such that brought the judicial office into disrepute.