In re Joseph **TOCZYDLOWSKI, Jr.,** District Justice In and For Magisterial District 45–3–04 Lackawanna County.

**No. 1 JD 04.**

Court of Judicial Discipline
of Pennsylvania.

May 13, 2004.

Before: ROBERT P. HORGOS, MICHELE O'LEARY, DEBBIE O'DELL SENECA, JAMES E. BEASLEY, JOSEPH A. HALESEY, ROBERT L. CAPOFERRI, and PAUL P. PANEPINTO, JJ.

Opinion by Judge HALESEY.

## I. INTRODUCTION

The Judicial Conduct Board (Board) filed a Complaint with this Court on January 5, 2004 against District Justice Joseph Toczydlowski, Jr. (Respondent). The Complaint charges Respondent with violation of Section 17(b) of Article V of the Pennsylvania Constitution and with violation of Rule 2(A) of the Rules Governing Standards of Conduct of District Justices and asserts that, as a consequence, he is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution. The charges are based on Respondent's alleged use of marijuana and cocaine.

The Board and the Respondent have submitted stipulations of fact as to Respondent's use of marijuana pursuant to C.J.D.R.P. No. 502(D)(2). The Court accepted these stipulations and proceeded to trial on alleged use of cocaine. The Court now makes its Findings of Fact—those numbered 1–12 having been stipulated; number 13 is made by the Court after trial.

## II. *FINDINGS OF FACT*

1. Pursuant to Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania and Judicial Conduct Board Rules of Procedure 31(A)(3), promulgated by the Pennsylvania Supreme Court on March 20, 1995 (amended 1996), the Board is granted authority to determine whether there is probable cause to file formal charges, and, when it concludes that probable cause exists, to file formal charges, against a justice, judge, or justice of the peace, for proscribed conduct and to present the case in support of such charges before the Court of Judicial Discipline.

2. Since on or about January 13, 2000, the Respondent has served continuously to the present as District Justice for Magisterial District 45-3-04 in Lackawanna County, the Forty–Fifth Judicial District, Pennsylvania, encompassing the Township of Scott and the Boroughs of Archbald, Blakely, Jermyn, Jessup and Mayfield, with an office located at the Archbald Borough Building, 400 Church Street, Second Floor, Archbald, Pennsylvania.

3. The Respondent has had a history of the personal use of marijuana going back to the mid–1990s.

4. The Respondent has hosted several small gatherings of close and long-time personal friends at his residence at different times up to and including November 2002 during which he and others used marijuana.

5. The Respondent attended a party at a residence in Scranton after the St. Patrick's Day parade, 2002.

6. The Respondent hosted a party at his residence over the Thanksgiving 2002 holiday weekend, during which he and others used marijuana. This event was a small impromptu gathering of close long-time personal friends of the Respondent, numbering less than ten (10).

7. The Respondent has used marijuana with James Washo, David Popeck, James Dadey and James McCauley; no such occasions took place after December 2002.

8. Heather Hirshorn, James Dadey's fiancé, has been present at Respondent's residence on four (4) or five (5) occasions in the two (2) years preceding August 2003, and marijuana was used on these occasions; but not after December 2002.

9. On or about October 3, 2003, the Attorney General of the Commonwealth of Pennsylvania, filed an Information in the Criminal Court of Lackawanna County, Pennsylvania at Docket No. 2003–CR–2034, charging Respondent with two (2) counts of Possession of a Small Amount of Marijuana for Criminal Use, in violation of the Pennsylvania Controlled Substance, Drug, Device and Cosmetic Act.

10. On or about November 3, 2003, the Respondent was accepted into the Lackawanna County Accelerated Rehabilitative Disposition (ARD) Program. He was placed on probationary status for a period of sixty (60) days.

The parties stipulate to the following facts set out in the Pre–Trial Memorandum of the Respondent listed below as numbers 11 and 12:

11. District Justice Joseph Toczydlowski, Jr. has successfully completed all of the conditions placed upon him by the Court in the Lackawanna County Accelerated Rehabilitative Disposition (ARD) Program.

12. District Justice Joseph Toczydlowski, Jr. satisfied all of the ARD conditions in a timely fashion within the sixty-day probationary status.

13. Respondent did not use cocaine since February 2002 as alleged by the Board.

## III. DISCUSSION

■ At trial the Judicial Conduct Board withdrew the allegations in Paragraph 12 of its Complaint, i.e., that "Respondent purchased marijuana and cocaine for his own personal use on one or more occasions since January 3, 2003." The Board then proceeded to trial on the allegations of Paragraph 13 of the Complaint, i.e., that "The Respondent has used cocaine in the presence of others on several occasions since February 2002."

On. this issue the Board produced the testimony of one witness, Peter Sashko, in an attempt to establish that Respondent "used cocaine in the presence of others" on two occasions: one sometime in February 2002 and, another, after the St. Patrick's Day parade, sometime in mid-March 2002.

The question is not even close for Peter Sashko testified:

— as to the February incident:

Q. Did you observe the Respondent, Judge Toczydlowski, use the cocaine?

A. I didn't actually see him use the cocaine .... (N.T. 32).

— as to the St. Patrick's Day incident:

Q. Were you present at a gathering that year at the St. Patrick's Day parade 2002 when cocaine was used?

. . . .

A. I said I wasn't sure if cocaine was used there that time. In my Grand Jury testimony, it said it was used there, but it wasn't used there .... So I wasn't sure if there was any cocaine used at that party.

Q. So at the St. Patrick's Day party, you didn't even see cocaine. Is that correct?

A. No, I didn't. (N.T. 34–35).

Far from proving the Board's allegations, the testimony of its one—and only—witness *disproves* the Board's allegations. We find that the Board has not established that Respondent ever used cocaine by clear and convincing evidence, as it must.[1]

The Judicial Conduct Board has filed charges contending that the conduct of Respondent subjects him to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution because:

Respondent has violated Article V, § 17(b) of the Pennsylvania Constitution by engaging in an activity prohibited by law (Count 1); and

Respondent has violated Rule 2(A) of the Rules Governing Standards of Conduct of District Justices by engaging in a course of conduct which failed to respect and comply with the law; failed to conduct himself at all times in a manner promoting public confidence in the integrity of the judiciary (Count 2).

*Count 1.*

■ We find that Respondent's possession of a small amount of marijuana on two occasions, to which he here stipulated, was a violation of Section 13(a)(31) of the Controlled Substance, Drug, Device and Cosmetic Act, an Act of April 14, 1972, P.L. 233, No. 64, as amended, 35 P.S. § 780–113(a)(31) and, thus, is a violation of § 17(b) of Article V of the Pennsylvania Constitution.

*Count 2.*

■ We find that the conduct of Respondent does not constitute a violation of Rule 2(A) of the Rules Governing Standards of Conduct of District Justices. As we said in *In re Cicchetti*, 697 A.2d 297, 313 (Pa.Ct.Jud.Disc.1997):

Canon 1 and Canon 2[2] ... are directed at conduct which would impugn or de-

---

1. Pennsylvania Constitution, *Article* V, § 18(b)(5).

2. Canon 1 and Canon 2 of the Code of Judicial Conduct are, except for insignificant dif-

tract from the "integrity and independence" (Canon 1) and the "integrity and impartiality" of the judiciary (Canon 2). "Integrity" must be read in *pari materia* with "independence" in Canon 1 and with "impartiality" in Canon 2. Both of those words and both of these Canons exhort judges to carefully preserve all appearances of even-handedness, of not favoring or appearing to favor either side in a case, of being and appearing free from influence.

This holding was affirmed by the Supreme Court of Pennsylvania which stated:

Canon 2 similarly [as Canon 1] addresses the judicial decision-making process and seeks to avoid the appearance of influence over judicial activities. Appellee is not subject to censure for a violation of Canon 2 based on his conduct toward Ms. Brueggman because it was independent of his decision-making duties.

*In re Cicchetti,* 560 Pa. 183, 743 A.2d 431, 441 (2000). So, too, in this case, District Justice Toczydlowski's possession and use of small amounts of marijuana had nothing to do with his decision-making duties.

We call attention, as well, to the holdings of this Court in *In re Strock,* 727 A.2d 653 (Pa.Ct.Jud.Disc.1998); *In re Trkula,* 699 A.2d 3 (Pa.Ct.Jud.Disc.1997); *In re Walters,* 697 A.2d 320 (Pa.Ct.Jud.Disc. 1997) and *In re Smith,* 687 A.2d 1229 (Pa.Ct.Jud.Disc.1996).

In *Smith,* we considered the applicability of Canon 2 to delay in disposing of cases.

In *Walters,* we considered the applicability of Rule 2(A) to operating a motor vehicle while under the influence of alcohol—a

violation of Section 3731(a)(4) of the Motor Vehicle Code, 75 Pa.C.S.A. § 3731(a)(4).

In *Trkula,* we considered the applicability of Rule 2(A) to the attempt by a district justice to influence the outcome of a case before another judge.

In *Strock,* we considered the applicability of Rule 2(A) to the misappropriation by a district justice of funds paid into her office which belonged to the Commonwealth.

In all of these cases we held that the conduct in question was not within the purview of Canon 2 or Rule 2(A). We adopt and reaffirm what we held and what we said in those cases and here hold that Rule 2(A) does not apply in this case.

## IV. CONCLUSIONS OF LAW

1. The Respondent's possession of small amounts of marijuana on two occasions, a misdemeanor, is a violation of Article V, § 17(b) of the Pennsylvania Constitution.

2. The Respondent's conduct does not constitute a violation of Rule 2(A) of the Rules Governing Standards of Conduct of District Justices.

3. The Respondent is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

## ORDER

PER CURIAM.

AND NOW, this 13th day of May, 2004, based upon the Opinion filed herewith, it is hereby ORDERED:

That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings of Fact and Conclusions of Law be and it is

ferences, the verbatim counterparts of Rules 1 and 2 of the Rules Governing Standards of

Conduct of District Justices.

hereby filed, and shall be served upon the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Findings of Fact and Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument, and

That, in the event objections are not filed within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will conduct a hearing on the issue of sanctions on June 7, 2004, pursuant to C.J.D.R.P. No. 504.

COGNETTI, P.J., did not participate in the consideration or disposition of this case.