In re Wade J. BROWN, Former Magisterial District Judge, Magisterial District 08–3–04, Northumberland County.

No. 4 JD 05.

Court of Judicial Discipline
of Pennsylvania.

July 14, 2006.
Sanction Order and Concurring
Statement of Judge Lamb
Oct. 2, 2006.

Before: SPRAGUE, P.J., HALESEY, CAPOFERRI, PANEPINTO, O'TOOLE, SANDLER and LAMB, JJ.

OPINION BY Judge O'TOOLE.

## I. *INTRODUCTION*

The Judicial Conduct Board (Board) filed a Complaint with this Court on December 9, 2005 against Former Magisterial District Judge Wade J. Brown (Respondent) consisting of eight counts which are based on allegations that Respondent repeatedly used racially and ethnically insensitive and inappropriate language (Complaint, paragraphs 1–9) (Counts 1–3), that he used derogatory and demeaning language when speaking to or about his female employees (Complaint, paragraphs 10–17) (Counts 4–6), and that he frequently dealt with his female employees in a rude, discourteous and ill-tempered fashion (Complaint, paragraphs 18–23) (Counts 7–8).

We will treat paragraphs 1–9 of the Complaint as Part A, paragraphs 10–17 of the Complaint as Part B, and paragraphs 18–23 of the Complaint as Part C.

The Board has charged that Respondent's conduct set out in Part A (paragraphs 1–9 of the Complaint) constitutes:

1. conduct which brings the judicial office into disrepute, a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution (Count 1);

2. a violation of Rule 2A. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to conduct himself at all times in a manner promoting public confidence in the integrity and impartiality of the judiciary (Count 2);

3. a violation of Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to be dignified in the presence of those with whom he dealt in his official capacity (Count 3);

The Board has charged that Respondent's conduct set out in Part B (paragraphs 10–17 of the Complaint) constitutes:

4. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution by engaging in conduct which brings the

judicial office into disrepute (Count 4);

5. a violation of Rule 2A. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to conduct himself at all times in a manner promoting public confidence in the integrity and impartiality of the judiciary (Count 5);

6. a violation of Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to be patient, dignified and courteous to members of his staff, with whom he has dealt in his official capacity (Count 6).

The Board has charged that Respondent's conduct set out in Part C (paragraphs 18–23 of the Complaint) constitutes:

7. a violation of Article V, § 18(d)(1) of the Pennsylvania Constitution by engaging in conduct which brings the judicial office into disrepute (Count 7);

8. a violation of Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges by failing to be patient, dignified and courteous to members of his staff, with whom he has dealt in his official capacity (Count 8).

Proceeding in accordance with C.J.D.R.P. No. 502(F), the Board filed a Motion to Withdraw Counts 1, 4 and 7 which was granted upon a showing of good cause.

The Board and the Respondent have submitted Stipulations of Fact in Lieu of Trial under C.J.D.R.P. No. 502(D)(1) and a waiver of trial. The Court hereby accepts those stipulations in pertinent part, recited below, as the facts necessary for the disposition of this case.

## II. *FINDINGS OF FACT*

1. The Board is empowered by Article V, § 18 of the Constitution of the Commonwealth of Pennsylvania to file formal charges alleging misconduct on the part of justices, judges, or justices of the peace, and to present the case in support of the formal charges before the Pennsylvania Court of Judicial Discipline.

2. Respondent commenced his service as Magisterial District Judge serving Magisterial District 08–3–04 on or about January 5, 1976 and continued to hold office until his voluntary retirement on July 3, 2005.

3. Between June 13, 1977 and July 3, 2005 Respondent employed numerous women to work in his office as secretaries.

4. During that time and on a recurring basis, Respondent treated his female employees in a manner which demeaned and belittled them.

5. Respondent repeatedly used derogatory and demeaning terms when either referring to, or criticizing, his female employees, including "Alzheimer's," "PMS," "senile," "that time of the month," "dumb blond," "stupid," "gold digger," "menopause" and other demeaning terms.

6. Respondent's use of the foregoing terms caused numerous members of his female staff to suffer embarrassment and humiliation, and on occasion brought them to tears.

7. Respondent often corrected and/or criticized his secretaries loudly and in the presence of third parties, including members of law enforcement and the general public.

8. Respondent's public criticism of his secretaries caused them to suffer embarrassment and humiliation.

9. When angry, Respondent occasionally pounded his fists, slammed doors, threw

files and other papers around the office and engaged in loud outbursts of anger.

10. Respondent, on innumerable occasions and in the presence of staff, used racially and ethnically insensitive and inappropriate terms in referring to minority members of the community.

11. Respondent occasionally used such terms in the presence of members of law enforcement.

12. Respondent did not use such racially and ethnically insensitive terms while on the bench or during official court proceedings.

13. Nonetheless, Respondent acknowledges that the use of such terms, even in private with members of his staff or law enforcement, was wholly inappropriate and unacceptable behavior for a member of the judiciary.

14. Respondent acknowledges and agrees that the following individuals would corroborate, either individually or collectively, some or all of the facts as set forth above:

Cheryl Bailey, former secretary of Respondent;

Wanda Snyder, former secretary of Respondent;

Christina Mertz, former secretary of Respondent;

Tina Heydt, former secretary of Respondent;

Joseph Jones, Sergeant of Sunbury Police Department;

Ricky Longenberger, former Sunbury police officer;

Glenn Masser, former constable of Respondent;

Gina Daya, former secretary of Respondent;

Gary Heckman, former Sunbury police officer;

Tyson Havens, Pennsylvania State police officer;

Susan Schwartz, former assistant public defender;

Brian Bailey, former constable of Respondent;

Sherry Roush, former secretary of Respondent;

Phyllis Smith, former secretary of Respondent;

Cindy Lark, former secretary of Respondent;

Constance Yagel, former secretary of Respondent;

Wilhelmina Booth, former secretary of Respondent.

15. Respondent acknowledges that some, or all, of the above-listed individuals would corroborate that he failed to treat female members of his staff in a patient, dignified and courteous manner and that his behavior caused them to suffer embarrassment and humiliation.

16. Respondent acknowledges that some, or all, of the above-listed individuals would corroborate that he used racially and ethnically insensitive and inappropriate terms when referring to minority members of the community.

### III. DISCUSSION

 It is the Board's position that the conduct described in Stipulations 10–13 [1] and Stipulations 4–6 [2] constitute violations of Rule 2A. of the Rules Governing Standards of Conduct of Magisterial District

---

[1] These stipulations relate to the facts averred in Part A of the Complaint (use of racial epithets).

[2] These stipulations relate to the facts averred in Part B of the Complaint (demeaning female staff).

Judges (Counts 2 and 5) and Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges (Counts 3 and 6) and that the conduct described in Stipulations 7–9 [3] constitutes a violation of Rule 4C. (Count 8). We will address the applicability of Rule 2A. first.

Rule 2A. provides:

IMPROPRIETY AND APPEARANCE OF IMPROPRIETY TO BE AVOIDED.

Magisterial district judges shall respect and comply with the law and shall conduct themselves at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Magisterial district judges shall not allow their family, social or other relationships to influence their judicial conduct or judgment. They shall not lend the prestige of their office to advance the private interest of others, nor shall they convey or permit others to convey the impression that they are in a special position to influence the judge.

As noted, it is in Counts 2 and 5 that the Board charges that Respondent's use of racial epithets (Count 2) and his demeaning treatment of his staff (Count 5) violated Rule 2A. In Counts 2 and 5 the Board charges that Respondent violated Rule 2A. "by failing to conduct himself at all times in a manner promoting public confidence in the integrity and impartiality of the judiciary."

On the basis of the repeated holdings of this Court [4] we hold that none of the conduct of Respondent set forth in the Board's Complaint in either Part A or Part B constitutes a violation of Rule 2A. of the Rules Governing Standards of Conduct of Magisterial District Judges.

We turn, then, to consider the charges made in Count 3 of Part A, Count 6 of Part B, and Count 8 of Part C. These three Counts charge Respondent with violations of Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges. That Rule provides:

4. ADJUDICATIVE RESPONSIBILITIES.

C. Magisterial district judges shall be patient, dignified and courteous to litigants, witnesses, lawyers and others with whom they deal in their official capacity, and shall require similar conduct of lawyers, of their staff and others subject to their direction and control.

We note that in Count 3 of Part A of the Complaint the Board charged that the Rule is violated because by using racial epithets in his office in the presence of his office staff and others, Respondent "fail[ed] to be dignified in the presence of those with whom he dealt in his official capacity." In Count 6 of Part B, alleging "demeaning treatment of female staff" and in Count 8 of Part C alleging "indecorous behavior toward staff," the Board charges that Respondent "fail[ed] to be patient, dignified and courteous to members of his staff with whom he dealt in his official capacity."

■ We direct our attention first to Count 3 of Part A and have no reluctance in finding that repeated use of "racially

---

**3.** These stipulations relate to the facts averred in Part C of the Complaint (indecorous behavior toward staff).

**4.** *See, In re Kelly,* 757 A.2d 456 (Pa.Ct.Jud. Disc.2000); *In re Strock,* 727 A.2d 653 (Pa.Ct. Jud.Disc.1998); *In re Joyce & Terrick,* 712 A.2d 834 (Pa.Ct.Jud.Disc.1998); *In re Trkula,*

699 A.2d 3 (Pa.Ct.Jud.Disc.1997); *In re Walters,* 697 A.2d 320 (Pa.Ct.Jud.Disc.1997); *In re Cicchetti,* 697 A.2d 297 (Pa.Ct.Jud.Disc. 1997), *aff'd,* 560 Pa. 183, 743 A.2d 431 (2000); and *In re Smith,* 687 A.2d 1229 (Pa. Ct.Jud.Disc.1996).

and ethnically insensitive and inappropriate terms in referring to minority members of the community" does not admit of the description "dignified." The word "dignified" has been defined as follows:

> Dignified, adj. marked by dignity of aspect or manner; noble; stately.[5]

Respondent's conduct described in Part A of the Complaint cannot qualify as "noble" or "stately" or "dignified." We find that the stipulations establish a violation of Rule 4C. by clear and convincing evidence.

■ In Count 6, the Board charges that the conduct set out in Part B of the Complaint (Stipulation Nos. 4–6) constitutes a violation of Rule 4C. By these stipulations, Respondent admits that he repeatedly spoke to or referred to his female employees using derogatory and demeaning terms such as "Alzheimer's," "PMS," "senile," "that time of the month," "dumb blond." It may be that such conduct may not manifest impatience but it surely is undignified and discourteous. We, therefore, find that the charges in Count 6 have been established by clear and convincing evidence.

■ Lastly, in Count 8, the Board charges that the conduct set out in Part C of the Complaint (Stipulation Nos. 7–9) constitutes a violation of Rule 4C. By these stipulations Respondent admits that he frequently corrected or criticized his secretaries loudly and in the presence of third parties including law enforcement officers and members of the general public and on some of these occasions Respondent "pounded his fists, slammed doors, threw files and other papers around the office and engaged in loud outbursts of anger." We find that such conduct was neither patient, dignified nor courteous and thus constitutes a violation of Rule 4C. as charged in Count 8.

## IV. CONCLUSIONS OF LAW

*PART A.* Use of Racial Epithets.

1. The conduct of Respondent is not such that violates Rule 2A. of the Rules Governing Standards of Conduct of Magisterial District Judges.

2. The conduct of Respondent is such that violates Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges.

*PART B.* Demeaning Treatment of Female Staff.

3. The conduct of Respondent is not such that violates Rule 2A. of the Rules Governing Standards of Conduct of Magisterial District Judges.

4. The conduct of Respondent is such that violates Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges.

*PART C.* Indecorous Behavior Toward Staff.

5. The conduct of Respondent is such that violates Rule 4C. of the Rules Governing Standards of Conduct of Magisterial District Judges.

6. For the reasons set out in Conclusions of Law Nos. 2, 4 and 5, Respondent is subject to discipline under Article V, § 18(d)(1) of the Pennsylvania Constitution.

PER CURIAM.

### ORDER

AND NOW, this 14th day of July, 2006, based upon the Opinion filed herewith, it is hereby ORDERED:

> That, pursuant to C.J.D.R.P. No. 503, the attached Opinion with Findings o Fact and Conclusions of Law be and it i

---

5. *Random House Dictionary of the English* *Language,* Unabridged Edition 1973.

hereby filed, and shall be served on the Judicial Conduct Board and upon the Respondent,

That, either party may file written objections to the Court's Conclusions of Law within ten (10) days of this Order. Said objections shall include the basis therefor and shall be served on the opposing party,

That, in the event that such objections are filed, the Court shall determine whether to entertain oral argument upon the objections, and issue an Order setting a date for such oral argument,

That, in the event objections are not filed, within the time set forth above, the Findings of Fact and Conclusions of Law shall become final, and this Court will issue an Order setting a date, pursuant to C.J.D.R.P. No. 504, for a hearing on the issue of sanctions.

### ORDER

AND NOW, this 2nd day of October, 2006, after hearing held on September 28, 2006 on the issue of sanctions, it is hereby ORDERED that the Respondent is REPRIMANDED.

LAMB, J., concurs and files a concurring statement.

MUSMANNO, J., did not participate in the consideration or disposition of this case.

CONCURRING STATEMENT OF Judge LAMB.

I concur in the Order of Sanction imposed in this case based on the following factors:

a. the Respondent admitted his conduct as set out in the Findings of Fact in this Court's Opinion of July 14, 2006, and that such conduct constitutes a violation of Rule 4(C) of the Rules Governing Standards of Conduct of Magisterial District Judges;

b. the Respondent was contrite;

c. the Respondent apologized to those affected; and

d. the Respondent represented to this Court that he would never again seek judicial office in this Commonwealth.