### In re JUDICIAL CONDUCT BOARD SUBPOENA NO. 96076.

### Judicial Conduct Board, Petitioner.

Commonwealth Court of Pennsylvania.

Heard Oct. 29, 1996.
Decided Nov. 15, 1996.
Publication Ordered Dec. 4, 1996.

---

COLINS, President Judge.

Presently before this Court is a petition to enforce subpoena filed by the Judicial Conduct Board (Board). The petition alleges that this Court has jurisdiction to enforce the subpoena pursuant to 42 Pa.C.S. § 761(a)(2)[1] and Board Rule 24(E),[2] and it asks this Court to compel the appearance of the Honorable Livingstone M. Johnson before the Board pursuant to the subpoena. The subject matter of the investigation is Judge Johnson's alleged tardiness in the filing of opinions and rendering of decisions.

■ Article V, § 18 of the Pennsylvania Constitution, which sets forth this Commonwealth's system of judicial discipline, was amended in 1993 to provide for the Board and the Court of Judicial Discipline (CJD). The amendment was enacted not by the General Assembly, but by the people of this Commonwealth, and it must "be interpreted in its popular sense, as the common people who adopted it, and made it their charter of government, must have naturally understood it when they voted on it[.]" *Brereton Estate,* 355 Pa. 45, 54, 48 A.2d 868, 872 (1946). Although 42 Pa.C.S. § 761(a)(2) may appear to confer jurisdiction of this matter on this Court, that statute represents the will of the General Assembly, but the 1993 amendment to Article V, § 18 represents the will of the people, i.e., the supreme will of the land. This Court has no doubt that the people understood the 1993 amendment to be creating an independent system having plenary powers over judicial discipline. The will of the people must take precedence over the will of the General Assembly.[3] In *Marbury v. Madison,* the United States Supreme Court stated that "[i]t is emphatically the province and duty of the judicial department to say what the law is." 5 U.S. 137, 177, 2

Vincent J. Quinn, Chief Counsel, Harrisburg, for petitioner.

David N. Wecht, Pittsburgh, for respondent.

1. 42 Pa.C.S. § 761(a)(2) provides that this Court has original jurisdiction of all civil proceedings by the Commonwealth government, which is defined at 42 Pa.C.S. § 102 to include the unified judicial system and its agencies.

2. Board Rule 24(e) provides that the Board may enforce its subpoenas in the Commonwealth Court.

3. As to Board Rule 24(E), we note that the law is well settled that jurisdiction cannot be conferred upon a court by agreement. *Pozzuolo Estate,* 433 Pa. 185, 249 A.2d 540 (1969).

L.Ed. 60 (1803). That court said additionally, that

> [i]f then the courts are to regard the constitution; and the constitution is superior to any ordinary act of the legislature; the constitution, and not such ordinary act, must govern the case to which they both apply.
>
> Those then who controvert the principle that the constitution is to be considered, in court, as a paramount law, are reduced to the necessity of maintaining that courts must close their eyes on the constitution, and see only the law.
>
> This doctrine would subvert the very foundation of all written constitutions.

*Id.* at 178.

The system of judicial discipline consists of the Board, "an independent constitutional board," (Robert E. Woodside, Pennsylvania Constitutional Law 435 (1985).) and the CJD. The Board has the power, *inter alia*, to "issue subpoenas to compel testimony under oath of witnesses, including the subject of the investigation." Art. V, § 18(a)(7). The Board files its formal charges with the CJD, "a court of record, with all the attendant duties and powers appropriate to its function." Art. V, § 18(b)(5). Judges and justices of the peace can appeal the CJD's decision to the Supreme Court of Pennsylvania; a justice can appeal to a special tribunal. The decision of the CJD must be affirmed unless an error of law was committed, the findings of fact are clearly erroneous, or the sanction is unlawful.

 Recognizing the desired ends of the 1993 amendment, to create a plenary system of judicial discipline, this Court will not and can not chip away at that system by granting the Board's petition to enforce subpoena. Jurisdiction to enforce a Board subpoena is with the CJD. Only the CJD has the power to sanction a judge who does not comply with a Board subpoena. Whether a judge complies with an order enforcing a subpoena is itself a matter of judicial discipline, over which the CJD has exclusive jurisdiction. It

is an absurdity for this Court to issue an order enforcing a Board subpoena when this Court has no appropriate sanction to enforce that order.[4]

Additionally, this Court will vacate its September 27, 1996 order sealing the record.

### *ORDER*

AND NOW, this 15th day of November, 1996, the petition to enforce subpoena is **DENIED** for lack of jurisdiction, and this matter is transferred to the Court of Judicial Discipline.

The September 27, 1996 order sealing the record is **VACATED**.

---

4. This Court recognizes that it can hold a judge in contempt for noncompliance with an order enforcing a subpoena, but in a matter of judicial discipline, that noncompliance is subsumed in that matter of judicial discipline. This Court has no power to remove a judge from the bench or to otherwise discipline a judge.