703 A.2d 461

In re JUDICIAL CONDUCT BOARD SUBPOENA NO. 96076.

Appeal of JUDICIAL CONDUCT BOARD.

Supreme Court of Pennsylvania.

Argued Oct. 20, 1997.

Decided Dec. 23, 1997.

Vincent J. Quinn, Chief Counsel, Gregory D. Anthony, Deputy Counsel, Lisa D. McClain, Asst. Counsel, for Judicial Conduct Bd.

David N. Wecht, Pittsburgh, for Livingstone M. Johnson.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.

The single question in this matter is what tribunal has jurisdiction to enforce a subpoena issued by the Judicial Conduct Board during a confidential investigation prior to the filing of a complaint before the Court of Judicial Discipline. The board asserts that the Commonwealth Court of Pennsylvania is the proper tribunal, while the court held that it was without jurisdiction in any matter involving discipline of a judicial officer and that the Court of Judicial Discipline is the sole tribunal with jurisdiction in such a proceeding.

During an investigation by the board, it issued a subpoena ordering a witness, the appellee, to give evidence relevant to the investigation. The witness, through counsel, respectfully refused to comply with the subpoena, whereupon the board filed a petition in the Commonwealth Court seeking enforcement of the subpoena. The court dismissed the petition and certified that the issue involved a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal would substantially advance the ultimate termination of the matter, meeting the standard of 42 Pa.C.S. § 702(b). This court granted permission to appeal.

■ The reasoning of the Commonwealth Court and of the appellee was that the constitutional amendment of 1993, Article V, § 18, creating a comprehensive framework for judicial discipline, overrides any statutory provision which conflicts with the constitution. Appellant's basis for alleging jurisdic-

tion in the Commonwealth Court, 42 Pa.C.S. § 761(a)(2),[1] is statutory. The court stated:

Recognizing the desired ends of the 1993 amendment, to create a plenary system of judicial discipline, this Court will not chip away at that system by granting the Board's petition to enforce subpoena. Jurisdiction to enforce a Board subpoena is with the CJD. Only the CJD has the power to sanction a judge who does not comply with a Board subpoena. Whether a judge complies with an order enforcing a subpoena is itself a matter of judicial discipline, over which the CJD has exclusive jurisdiction. It is an absurdity for this Court to issue an order enforcing a Board subpoena when this Court has no appropriate sanction to enforce that order.[4]

---

[4]. This Court recognizes that it can hold a judge in contempt for noncompliance with an order enforcing a subpoena, but in a matter of judicial discipline, that noncompliance is subsumed in that matter of judicial discipline. This Court has no power to remove a judge from the bench or to otherwise discipline a judge.

*In re Judicial Conduct Board Subpoena No. 96076,* 686 A.2d 46, 48 (Pa.Cmwlth.Ct.1996).

The problem with this reasoning is that the witness in question, though he is a judge and is the subject of an investigation, is not a respondent in a disciplinary proceeding before the Court of Judicial Discipline. The operative fact is that he is a witness under subpoena. His identity is not an issue. If the Commonwealth Court sanctions him for noncompliance with the subpoena, it is not imposing judicial discipline but contempt sanctions, as with any recalcitrant witness. We

1. Appellant also asserts jurisdiction under J.C.B.R.P. 24(E), which states: "**(E) Enforcement.** The Board, by its Chair or the Chair's designee, may enforce a subpoena by initiating proceedings in the Commonwealth Court pursuant to 42 Pa.C.S. § 761(a)(2)." Although we agree that the Commonwealth Court has jurisdiction to enforce a board subpoena prior to the filing of formal charges in the Court of Judicial Discipline, it goes without saying that a rule of procedure promulgated by the board cannot create jurisdiction where it would not otherwise exist. *Pozzuolo Estate,* 433 Pa. 185, 249 A.2d 540, 545 (1969).

think this is clear because if the board's investigation yields no probable cause for discipline and the board declines to file formal charges against the judge in the Court of Judicial Discipline, the question of judicial discipline never arises; the enforcement of the subpoena, however, precedes any disciplinary proceeding in the Court of Judicial Discipline, and arises without any regard to the identity of the witness.

The constitutional provision at issue states:

*Upon the filing of formal charges with the court by the board, the court shall* promptly schedule a hearing or hearings to determine whether a sanction should be imposed against a justice, judge or justice of the peace pursuant to the provisions of this section. The court shall be a court of record, with all the attendant duties and powers appropriate to its function. Formal charges filed with the court shall be a matter of public record. All hearings conducted by the court shall be public proceedings....

Pa. Const., Article V, § 18(b)(5) (emphasis added). It is only after the board determines there is probable cause to file formal charges against a judicial officer and after the formal charges are filed with the Court of Judicial Discipline that the court has jurisdiction to act in the matter. Prior to that event, the board acts confidentially[2] and independently of the court. Pa. Const., Article V, § 18(a)(8). Prior to the invocation of the jurisdiction of the Court of Judicial Discipline by the board, the constitution is silent as to the tribunal which should enforce a board subpoena. The normal procedure, then, would be to seek statutory guidance.

■ 42 Pa.C.S. § 761(a)(2) gives the Commonwealth Court original jurisdiction of all civil actions or proceedings "[b]y the Commonwealth government, including any officer thereof, acting in his official capacity...." A petition to enforce a board subpoena is a proceeding brought by an officer of the Commonwealth government acting in his official capacity. As in *In re Avellino*, 547 Pa. 385, 690 A.2d 1138, 1143 (1997), we

---

**2.** Article V, § 18(a)(8) permits the subject of a board investigation to waive confidentiality; otherwise, "[a]ll proceedings of the board shall be confidential...." Appellee has waived confidentiality in this case.

observe that there is nothing in Article V, § 18 of the constitution which explicitly or implicitly limits the jurisdiction set forth in 42 Pa.C.S. § 761(a)(2) when it concerns board proceedings prior to the filing of a formal complaint with the Court of Judicial Discipline.

The Commonwealth Court viewed the enforcement of a Judicial Conduct Board subpoena as chipping away at the jurisdiction of the Court of Judicial Discipline. *Subpoena No. 96076*, 686 A.2d at 48. *Avellino*, 690 A.2d at 1143, however, makes it clear that the new constitutional framework for judicial discipline adopted in 1993 does not divest other courts of their former powers unless such divestiture is clearly expressed in the constitution.

The *Avellino* opinion stated:

In 1977, this Court had occasion to examine the relationship between our inherent supervisory powers and the procedure for discipline of judges established in Article V, Section 18 of the 1968 Constitution. In *In re Franciscus*, 471 Pa. 53, 369 A.2d 1190 (1977), a district justice who had been suspended by order of this Court upon his indictment in federal court sought to have the order vacated. He argued that this Court could only act following a recommendation from the Judicial Inquiry and Review Board under Section 18. We rejected this argument, declaring that "Article 5, Section 18 in no way attempts to revoke or diminish the inherent authority of this Court to exercise its superintendency powers over the lower judiciary." After extensively reviewing the history and nature of those powers, we observed that the suspension "was not meted out as a form of punishment. Rather, we are constrained to exercise our powers of supervision under the circumstances present here in order to guard and protect '... the dignity and authority of the court....'"

*Id.* (citations omitted). Judge Avellino argued that the 1993 constitutional amendments "limit the Supreme Court's authority to impose discipline *de novo*, and its jurisdiction to review decisions of the Court of Judicial Discipline imposing sanctions." *Id.* We held, to the contrary:

Given our clear holding sixteen years earlier in *Franciscus* that our supervisory power was neither revoked nor diminished by Section 18, had the people intended to revoke or diminish that power in amending Section 18 the amendment would have explicitly so provided. Nowhere in the amended Section 18 is such an intention expressed or even implied.

*Id.* (footnote omitted). The same reasoning applies to the powers of other courts.

Appellee incorrectly asserts that *In re Hasay*, 546 Pa. 481, 686 A.2d 809, 816–17 (1996), emphatically rejected the assertion that the Court of Judicial Discipline has no role unless and until the board files formal charges before the court. Although we stated that "[t]he discipline of a judicial officer is a process which begins the moment a complaint is received by the board," *id.*, it is clear that *Hasay* and *Matter of Chiovero*, 524 Pa. 181, 570 A.2d 57, 61 (1990) (quoted in *Hasay* ), were cases in which the board had already initiated formal proceedings before the court and the issue was the scope of appellate review. A careful reading of *Hasay* requires the opposite conclusion from that argued by appellee. We stated that "the mere possibility of [abuse of secret proceedings] mandates vigilance *when the proceedings are subject to judicial review,*" *id.* (emphasis added), implying that there are times when such abuse may be beyond judicial review, *viz.*, when the board finds no probable cause for discipline and therefore does not initiate formal proceedings before the Court of Judicial Discipline.

We therefore reverse the order of the Commonwealth Court and remand for enforcement proceedings in that court.

Order reversed.