787 A.2d 420

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Diane R. JEPSEN, Respondent.**

Supreme Court of Pennsylvania.

Argued Oct. 17, 2001.

Decided Jan. 10, 2002.

Harold Ciampoli, Jr., Anthony T. Verwey, Blue Bell, for Office of Disciplinary Counsel, petitioner.

Gregory Doyle Anthony, Lisa Denine McClain, Vincent J. Quinn, Harrisburg, for Judicial Conduct Board, amicus curiae.

Samuel C. Stretton, West Chester, for Diane R. Jepsen, respondent.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, and SAYLOR, JJ.

## OPINION

ZAPPALA, Chief Justice:

This disciplinary matter presents the issue of whether our Court has the authority to disbar a district justice for misconduct in the practice of law. We hold that we possess such authority pursuant to Article V, Section 10(c) of the Pennsylvania Constitution, which grants our Court the exclusive power to supervise the conduct of attorneys. The fact that the Court of Judicial Discipline is also authorized to discipline judicial officers pursuant to Article V, Section 18 of our

Constitution in no way abrogates the constitutionally conferred powers of this Court in disciplinary cases.

Respondent Diane Jepsen is a district justice in Allentown, Pennsylvania, and also engages in the private practice of law. In March of 1999, the Office of Disciplinary Counsel (ODC) notified her that there were several complaints filed against her. The alleged misconduct involved Respondent's obligations as a practicing attorney and was unrelated to her judicial office. On one matter, the Hearing Committee recommended that she be suspended from the practice of law for 2 years. On August 17, 2000, the ODC filed a second petition for discipline, alleging that Respondent failed to appear for a scheduled informal admonition relating to misconduct in a case involving a different private client.

On October 5, 2000, Respondent filed a Verified Statement of Resignation, which complied with Pennsylvania Rule of Disciplinary Enforcement 215.[1] As disclosed in Exhibit B to Respondent's Brief, Respondent's resignation noted that she was fully aware that the resignation statement was irrevocable and that she can apply for reinstatement to the practice of law only pursuant to the provisions of Rule 218, Pa.R.D.E. On November 17, 2000, our Court accepted Respondent's resignation and entered an order disbarring her by consent. The Judicial Conduct Board subsequently filed in our Court an application to implement automatic forfeiture of Respondent's judicial office pursuant to Article V, Section 18(d)(3) of the Pennsylvania Constitution, which provides that:

1. This rule requires the statement of resignation to state that the attorney desires to resign and that

the resignation is freely and voluntarily rendered; the attorney is not being subject to coercion or duress; the attorney is fully aware of the implications of submitting the resignation; and whether or not the attorney has consulted or followed the advice of counsel in connection with the decision to resign.

Pa.R.D.E. 215(a)(1). The rule further requires the attorney to acknowledge that the material facts upon which the complaint is predicated are true and that the resignation is being submitted because the attorney knows that if charges were predicated upon the misconduct under investigation, the attorney could not successfully defend against them. Pa.R.D.E. 215(a)(3), (4).

a justice of the peace convicted of misbehavior in office by a court, *disbarred as a member of the bar of the Supreme Court* or removed under this section shall forfeit automatically his judicial office and thereafter be ineligible for judicial office.

Pa. Const. art. V, § 18(d)(3) (emphasis added). Our Court ultimately stayed this proceeding.

■ On or about January 26, 2001, Respondent, now represented by counsel, filed a Petition to Vacate Disbarment and requested oral argument. In her petition, Respondent contended that her resignation was made unknowingly due to the fact that she was suffering from severe depression and was unrepresented by counsel at the time. She further asserted that the underlying misconduct did not warrant disbarment. In a supplemental petition, Respondent contended that our Court lacked jurisdiction because the disbarment by consent was commenced by the ODC. She argued that the Court of Judicial Discipline has exclusive authority to seek disciplinary action against judicial officers for misconduct occurring during the judicial service. On March 8, 2001, we granted Respondent's request for oral argument, limited to the issue of whether this Court has jurisdiction to disbar a sitting district justice. Although phrased in terms of jurisdiction, the real issue is whether our Court had the authority to impose the sanction of disbarment under the circumstances of this case.[2]

■ Respondent's contention that our Court lacked authority to entertain her statement of resignation is based upon Article V, Section 18 of the Pennsylvania Constitution, which concerns the suspension, removal, discipline and other sanctions of members of the judiciary. This provision was amended in 1993 by the citizens of this Commonwealth. The amend-

2. As we noted in *Riedel v. Human Relations Commission of the City of Reading*, 559 Pa. 34, 739 A.2d 121 (1999), jurisdiction and power are not interchangeable although judges and lawyers often confuse them. Jurisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result. *Id.* at 124.

ment abolished the Judicial Inquiry Review Board and created the Judicial Conduct Board and the Court of Judicial Discipline. The amendment describes the Court of Judicial Discipline as an independent board within the judicial branch, which is to determine whether sanctions should be imposed upon judicial officers. Subsection (d)(1) of Section 18, upon which Respondent primarily relies, provides in relevant part as follows:

A justice, judge or justice of the peace shall be subject to disciplinary action pursuant to this section as follows:

(1) A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony; violation of section 17 of this article [relating to violations of rules or canons prescribed by the Supreme Court]; misconduct in office; neglect or failure to perform the duties of office or conduct which prejudices the proper administration of justice or brings the judicial office into disrepute, whether or not the conduct occurred while acting in a judicial capacity or is prohibited by law; or conduct in violation of a canon or rule prescribed by the Supreme Court. . . .

Pa. Const. art. V, § 18(d)(1).

Respondent contends that because amended Section 18 refers specifically to district justices and encompasses conduct outside the judicial capacity, the Court of Judicial Discipline has *exclusive* authority over her misconduct. She asserts that the jurisdiction of the Court of Judicial Discipline expressly includes matters involving violations of Section 17 of Article V, relating to violations of "rules or canons prescribed by the Supreme Court." Pa. Const. art. V, § 18(d)(1). Respondent contends that such violations include infractions of the Rules of Professional Conduct, the Code of Judicial Conduct and the Rules for District Justices, under which her misconduct falls. Accordingly, she requests that we vacate the disbarment order and transfer the matter to the Judicial Conduct Board for appropriate action.

In support of her position, Respondent cites pre 1993 amendment cases, which focus on the necessity of an indepen-

dent tribunal to impose sanctions upon members of the judiciary. *See Office of Disciplinary Counsel v. Anonymous Attorney A,* 528 Pa. 83, 595 A.2d 42 (1991) (holding that Judicial Inquiry Review Board, as opposed to the Disciplinary Board, has jurisdiction to discipline judicial officers for misconduct); *Office of Disciplinary Counsel v. Surrick,* 521 Pa. 264, 555 A.2d 883 (1989) (holding that attorney serving on the Judicial Inquiry Review Board is not subject to the jurisdiction of the Disciplinary Board). Finally, Respondent relies on *In re Larsen,* 717 A.2d 39 (Pa.Ct.Jud.Disc.1998), where the Court of Judicial Discipline held that it has *"exclusive* authority to seek disciplinary action, including disbarment from the practice of law, against judicial officers for misconduct occurring during their judicial service." *Id.* at 46 (emphasis added).

The ODC contends that Article V, Section 18 is not implicated here because Respondent's misconduct occurred during her practice of law. It submits that our Court has *exclusive* authority to disbar Respondent pursuant to Article V, Section 10(c) of the Pennsylvania Constitution,[3] which grants this Court sole supervisory power over the practice of law. *See also* Pa.R.D.E. 103 (Supreme Court has inherent and exclusive authority over the conduct of attorneys).

Contrary to the arguments in favor of exclusive authority in either the Disciplinary Board or the Court of Judicial Discipline, we hold that both entities possess constitutionally conferred authority to entertain charges filed against a judicial officer who commits misconduct during the practice of law. Each tribunal is likewise capable of determining the appropriate discipline. In either case, this Court is the final arbiter in determining a lawful sanction.[4] Our holding is

---

3. Article V, Section 10(c) states, in pertinent part, as follows:
   The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts ... and for admission to the Bar and to practice law, and the administration of all courts and supervision of all officers of the judicial branch....
   Pa. Const. art. V, § 10(c).

4. Our review in matters relating to attorney discipline is *de novo,* In *re: Iulo,* 564 Pa. 205, 766 A.2d 335 (2001). This Court's review in cases

based upon the fact that the 1993 amendment to Article V, Section 18 did not divest our Court of our supervisory power over the practice of law. Regardless of the nature of misconduct involved, the determination of whether an attorney is fit to practice law falls within the realm of this Court's authority. The amendment to Section 18, however, also granted to the Court of Judicial Discipline the authority to sanction a judicial officer "whether or not the conduct occurred while acting in a judicial capacity or is prohibited by law." Pa. Const. art. V, § 18(d)(1). It further conferred upon that court the power to order "removal from office, suspension, censure *or other discipline as authorized by this section and as warranted by the record.*" Pa. Const. art. V, § 18(b)(5) (emphasis added).

In concluding that our authority under Article V, Section 10(c) remains inviolate, we rely on cases that have examined the effect the 1993 amendments to Section 18 have had on powers previously exercised by this Court and by the Commonwealth Court. The case of *In re: Assignment of Avellino,* 547 Pa. 385, 690 A.2d 1138 (1997), involved a petition filed by the president judge of the court of common pleas and the administrative judge of the trial division of that court, alleging that Judge Avellino failed to comply with a judicial assignment. Judge Avellino contended that our Court lacked jurisdiction over the matter.

We rejected this argument, finding that the amendments to Article V, Section 18 had no effect on our general supervisory and administrative authority over all the courts. We stated:

> Judge Avellino argues that "The text and context of the 1993 amendments to Article V, Section 18, manifest an intent to limit the Supreme Court's authority to impose

before the Judicial Conduct Board is set forth in Article V, Section 18(c)(2), which states that:

> On appeal, the Supreme Court or special tribunal shall review the record of the proceedings of the court as follows: on the law, the scope of review is plenary; on the facts, the scope of review is clearly erroneous; and as to sanctions, the scope of review is whether the sanctions imposed were lawful.

Pa. Const. art. V, § 18(c)(2). *See also In re: Hasay,* 546 Pa. 481, 686 A.2d 809 (1996).

discipline de novo, and its jurisdiction to review decisions of the Court of Judicial Discipline imposing sanctions." Brief at p. 20. The 1993 amendments, however, altered the mechanism for investigating and adjudicating charges of judicial misconduct by abolishing the Judicial Inquiry Review Board and creating the Judicial Conduct Board and the Court of Judicial Discipline. Given our clear holding sixteen years earlier in [*In re: Franciscus*, 471 Pa. 53, 369 A.2d 1190 (1977) ], that our supervisory power was neither revoked nor diminished by Section 18, had the people intended to revoke or diminish that power in amending Section 18 the amendment would have explicitly so provided. Nowhere in the amended Section 18 is such an intention expressed or even implied.

*Id.* at 1143.

We further noted that action taken by this Court pursuant to our supervisory power over the courts does not affect the independent authority of the Judicial Conduct Board to investigate the same conduct for purposes of disciplinary action pursuant to Article V, Section 18. *Id.* at 1143 n. 6.

The case of *In re: Judicial Conduct Board Subpoena No. 96076*, 550 Pa. 132, 703 A.2d 461 (1997), is also instructive. There, the issue was what tribunal has jurisdiction to enforce a subpoena issued by the Judicial Conduct Board during a confidential investigation prior to the filing of a complaint before the Court of Judicial Discipline. The Judicial Conduct Board asserted that the Commonwealth Court was the proper tribunal pursuant to 42 Pa.C.S. § 761(a)(2), which gives that court original jurisdiction of all civil actions or proceedings "by the Commonwealth government, including an officer thereof, acting in his official capacity." Based upon the 1993 amendment to Article V, Section 18, however, the Commonwealth Court held that it is without jurisdiction in any matter involving discipline of a judicial officer and that the Court of Judicial Discipline is the sole tribunal with jurisdiction in such a proceeding. *In re Judicial Conduct Board Subpoena No. 96076*, 686 A.2d 46, 48 (Pa.Cmwlth.1996).

Our Court reversed. We held that the jurisdiction of the Court of Judicial Discipline is triggered when the Judicial Conduct Board determines that there is probable cause to file formal charges against a judicial officer and the formal charges are filed in the Court of Judicial Discipline. 703 A.2d at 462. Because no charges had been filed in the Court of Judicial Discipline against the witness who was the subject of the subpoena, the proper tribunal for enforcement of the subpoena was the Commonwealth Court. In reaching this conclusion, we relied upon our decision in *Avellino* for the proposition that "the new constitutional framework for judicial discipline adopted in 1993 does not divest other courts of their former powers unless such divestiture is clearly expressed in the constitution." *Id.* at 463.

██ As the 1993 amendment to Section 18 does not expressly divest this Court of our inherent and exclusive power to supervise the practice of law pursuant to Article V, Section 10(c) of the Pennsylvania Constitution, our Court retains such authority. As in *Avellino*, action taken by this Court pursuant to our supervisory power over the conduct of attorneys (as opposed to our supervisory power over the courts) does not affect the *independent* authority of the Judicial Conduct Board to investigate the same conduct for purposes of disciplinary action pursuant to Article V, Section 18. Similar to the procedural posture present in *In re: Judicial Conduct Board Subpoena No. 96076,* however, the jurisdiction of the Court of Judicial Discipline to impose its own sanction for Respondent's misconduct has not yet been triggered here.[5] The complaints of Respondent's misconduct in the practice of law were filed with the ODC and Respondent's resulting statement of resignation proceeded in accordance therewith. Our Court's acceptance of Respondent's statement of resigna-

5. The Judicial Conduct Board's institution of proceedings to seek the forfeiture of judicial office was based solely on Article V, Section 18(d)(3), which provides for *automatic* forfeiture when a district justice is disbarred by our Court. The Board did not look to Respondent's actual misconduct and seek a sanction in the Court of Judicial Discipline on those grounds.

tion was therefore fully within our constitutionally granted authority.

Contrary to Respondent's contentions, the cases of *Anonymous Attorney A.* and *Surrick* have no relevance as they arose under the pre–1993 constitutional scheme of judicial discipline. The 1993 amendment to Section 18 altered not only the identity of the investigative and prosecutorial agency in judicial discipline cases, but also the scope of the powers conferred upon those entities and the standard by which our Court reviews actions taken by them. Additionally, the Court of Judicial Discipline's holding in *Larsen,* that it possesses *exclusive* jurisdiction to disbar a judicial officer, is neither binding on this Court nor persuasive, considering that the court reached that conclusion based upon our decision in *Anonymous Attorney A.,* which we today distinguish.

Accordingly, as our Court possesses the authority to disbar Respondent on consent, her petition to vacate disbarment on the ground of lack of jurisdiction is hereby denied. Respondent's remaining assertions in support of her petition to vacate disbarment do not entitle her to relief. The Rules of Disciplinary Enforcement do not provide for the revocation of a verified statement of resignation that has been accepted by this Court.

Former Chief Justice FLAHERTY did not participate in the consideration or decision of this case.

Mr. Justice NIGRO concurred in the result.