**In re Joseph TOCZYDLOWSKI, Jr., District Justice In and For Magisterial District 45–3–04 Lackawanna County.**

**No. 1 JD 04.**

Court of Judicial Discipline
of Pennsylvania.

June 25, 2004.

### ORDER

PER CURIAM.

AND NOW, this 25th day of June, 2004, after hearing held on the question of sanctions on June 7, 2004, and after consideration of Memoranda filed by the Judicial Conduct Board and the Respondent, the Court HEREBY IMPOSES a sanction of public reprimand upon the Respondent.

The Court rejects the Board's recommendation that the Respondent be suspended for one year without pay, or in the alternative, that the Respondent receive a public censure, random drug sampling and continued monitoring (probation) by the Court, and considers the sanction of reprimand to be appropriate. The Court's conclusion is based upon the following considerations:

1. The grounds for the Court's finding that Respondent was subject to discipline

was his admission of possession of small amounts of marijuana on two occasions,

2. His qualification for the ARD Program in Lackawanna County,

3. His satisfaction of all of the requirements for completion of the ARD Program,

4. Respondent's evident contrition and remorse,

5. Respondent's cooperation with the Judicial Conduct Board in its investigation and prosecution of this case,[1]

6. Respondent's otherwise exemplary record as a district justice and as a member of the bar prior to his election to the bench, including service as an Assistant District Attorney,

7. Respondent's excellent reputation in the community as attested by numerous notables and non-notables of his community, including police officers, clergy, educators, including a school counselor, and a school principal, office staff, businessmen, and fellow lawyers, including the former District Attorney of Lackawanna County, and

8. The absence of any evidence, indeed of any contention, that Respondent's actions ever interfered with his judicial duties or that they ever took place anywhere other than his private home.

None of the above factors dispel this Court's disappointment with Respondent or in anyway alter the fact that he failed to comply with the law in violation of § 17(b) of Article V of the Pennsylvania Constitution. As we have said before, in this Court, cases must be decided on "a case by case basis." *See, e.g., In re Trkula,* 699 A.2d 3, 7 (Pa.Ct.Jud.Disc.1997); *In re Cicchetti,* 697 A.2d 297, 313 (Pa.Ct.Jud.Disc. 1997), *aff'd,* 560 Pa. 183, 206, 743 A.2d 431, 444 (2000).[2] In this case, we note that, in addition to the factors mentioned above, Respondent has suffered public obloquy not only because of the charges of marijuana possession with respect to which he satisfied all of the conditions of the ARD program and thus has a clean criminal record, but, perhaps even more so, because of the charges of cocaine use of which there has been no proof whatsoever, but which were prominently reported in the local press. Though the charges are unproved (cocaine) and expunged (marijuana), this provides scant amelioration of the damage to his reputation.

In this case, we note also that the severe discipline recommended by the Board is not necessary in order to preserve the integrity of our judicial system and the public's conception thereof; Respondent's course of conduct since the institution of these charges has done more in achieving that end[3] than imposition of an order of

---

1. Respondent stipulated to his use of marijuana but refused to agree that he used cocaine—a charge included in the Board's Complaint. This refusal is quite understandable in light of the Attorney General's election not to proceed with the cocaine charge in the criminal proceedings in Lackawanna County and, especially, upon consideration of the Board's inability to present any evidence at trial in support of such a charge.

2. In these cases, this admonition was made with reference to a determination of whether, in any given case, particular conduct was such that brought the judicial office into dis-

repute; we think it is efficacious to heed this enjoinder in all the deliberations of this Court, and, certainly, in deliberations on the question of sanctions.

3. Respondent entered a rehabilitative program and continues with counseling which has enabled him to acquire an appreciation of the complexities of the problems associated with substance abuse. This has become known in the community and has led others to seek his counsel in dealing with their problems.

suspension or other severe discipline could possibly accomplish.

In its Memorandum In Aid of Imposition of Sanctions, in support of its recommendations, the Board states that it relied on factors "established" in *In re Deming*, 108 Wash.2d 82, 736 P.2d 639 (1987), a case out of the state of Washington.

We point out that this Court does not consider itself bound or even excessively influenced by the decisions or opinions of courts of other states on judicial disciplinary matters, especially on the question of sanctions. The Supreme Court of this Commonwealth is the sole authority on those issues;[4] we take our guidance from that Court as well as from prior opinions of this Court. That is not to say that, in a given case, this Court should not look to the opinion of a court of a brother state if well reasoned and congruous with the policy and principles to which this Court is committed.

Turning now to *Deming*, in that case the Supreme Court of Washington said that, in determining the appropriate sanction, it *would consider ten "nonexclusive" factors.* These were:

"(a) whether the misconduct is an isolated instance or evidenced a pattern of conduct." The Board contends that this Respondent's admission of use of marijuana going back to the mid–1990s is evidence of a pattern of misconduct. This may be so, however, it is also the fact that the only misconduct established by the Board since Respondent was elected to his judicial office is limited to two instances and that no instances occurred after December 2002. We regard Respondent's admission to instances occurring before his election as much as evidence of the extent of Respondent's cooperation with the Board as of any pattern of misconduct;

"(b) the nature, extent and frequency of occurrence of the acts of misconduct." This consideration is very much akin to (a), and we note only that, as to the nature and frequency of the conduct, we are impressed by the sharp contrast this case bears to *Deming*. In *Deming*, among other things, Deming was found to have "made a *myriad* of improper and offensive comments and sexual innuendos to women, either *in public or in his courtroom* in the presence of others" (emphasis added);

"(c) whether the conduct occurred in or out of the courtroom;

(d) whether the misconduct occurred in the judge's official capacity or in his private life;

(e) whether the judge has acknowledged or recognized that the acts occurred;

(f) whether the judge has evidenced an effort to change or modify his conduct;

(g) the length of service on the bench;

(h) whether there have been prior complaints about this judge;

(i) the effect the misconduct has upon the integrity of and respect for the judiciary; and

(j) the extent to which the judge exploited his position to satisfy his personal desires."

Consideration of all of these factors with the exception of (i) weigh strongly in favor of leniency for this Respondent. We agree with the Board with respect to the (i) factor, i.e., use or possession of marijuana by a sitting district justice—even on one occasion—cannot fail to cause a lessening of the public's respect for the judiciary. Nevertheless, the cumulative effect of con-

---

4. *See,* Pa. Const., Article V, § 10(c) and *In re Melograne,* 571 Pa. 490, 812 A.2d 1164, 1169 (2002) and *Office of Disciplinary Counsel v. Jepsen,* 567 Pa. 459, 787 A.2d 420, 425 (2002).

sideration of the *Deming* factors points not to imposition of a severe sanction, but, rather, in the opposite direction.

In addition we are unpersuaded by the other cases cited by the Board in support of its recommendation because they either involve conduct which, in our view, is much more condemnable than the conduct of this Respondent, e.g., *In re Binkoski*, 204 W.Va. 664, 515 S.E.2d 828 (1999) (where the respondent, in addition to possessing marijuana, was convicted of driving under the influence of alcohol and was found to have suborned perjury); *In re Sherrill*, 328 N.C. 719, 403 S.E.2d 255 (1991), (where Sherrill was convicted of possession of marijuana and drug paraphernalia and possession of cocaine—a felony, in addition to which, Sherrill tested positive for cocaine twice while the disciplinary proceedings were underway); *In re Whitaker*, 463 So.2d 1291 (La.1985), (where the respondent was found to have smoked marijuana, associated with drug users, drug dealers and prostitutes, and socialized with a criminal defendant while presiding over his trial); and *In re Gilbert*, 668 N.W.2d 892 (Mich.2003) (where Gilbert's use of marijuana took place in public, i.e., at a Rolling Stones concert at Ford Field in Detroit),

or because we simply do not agree that the sanctions imposed in the cited cases should have any compelling influence on the judgment we exercise in this case, e.g., *In the Matter of Marquardt*, 161 Ariz. 206, 778 P.2d 241 (1989).

These observations should not be taken as an expression of what discipline this Court might have imposed in any of these cases, for, as we have said repeatedly, cases in this Court are decided on a case by case basis; and decisions regarding imposition of sanctions are particularly fact-sensitive.

For all of these reasons we conclude that the imposition of the sanction of public reprimand is the appropriate sanction in this case.

COGNETTI, P.J., and HALESEY, O'LEARY, JJ., did not participate in the consideration or entry of this Order.