**[J-49A-2017] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| IN RE:  ANGELES ROCA FIRST JUDICIAL DISTRICT PHILADELPHIA COUNTY | : | No. 42 EAP 2016 |
| | : | |
| | : | Appeal from the Order dated December |
| | : | 16, 2016 of the Court of Judicial |
| | : | Discipline at No. 14 JD 2015. |
| APPEAL OF:  ANGELES ROCA | : | |
| | : | ARGUED:  May 9, 2017 |

### CONCURRING OPINION

**JUSTICE BAER**                                        **DECIDED:  November 22, 2017**

I join the majority opinion in full.  I agree with the majority that Article V, Section 18(c)(2) of the Pennsylvania Constitution directs this Court to review a judicial sanction imposed by the Court of Judicial Discipline ("CJD") to determine whether the sanction is "lawful."  PA. CONST. art. V., § 18(c)(2).[1]  I further agree that our lawfulness inquiry is guided by Article V, Section 18(b)(5), which provides that the CJD "may order removal from office, suspension, censure or other discipline as authorized by this section and as warranted by the record."  PA. CONST. art. V., § 18(b)(5).  Accordingly, as the majority holds, this Court's lawfulness review encompasses an examination of whether the sanction is authorized by Section 18 and warranted by the record, *i.e.*, the sanction is not "an unreasonably harsh penalty completely out of proportion to the misconduct involved."  Slip Op. at 21.  For the reasons set forth by the majority, I agree that the CJD's sanction of removing Appellant Angeles Roca from office is, indeed, lawful.

---

[1] Article V, Section 18(c)(2) provides that, on the law, this Court's review is plenary; on the facts, our review is clearly erroneous; and as to sanctions, our review is whether the sanction imposed was lawful.  PA. CONST. art. V, §18(c)(2).

I write separately to comment upon the majority's observation that the imposition of discipline "not only punishes the wrongdoer, but also repairs the damaged public trust and provides guidance to other members of the judiciary regarding their conduct." Slip Op. at 19 (quoting *In re Berkheimer*, 930 A.2d 1255, 1260 (Pa. 2007) (internal quotation marks and citation omitted)). I agree that the imposition of judicial discipline, by collateral consequence, acts to restore the public trust in the judiciary. The CJD may not, however, under the guise of restoring the public trust, exercise its discretion in a manner untethered to the misconduct of the accused jurist. It is not the role of the CJD to impose a more severe penalty upon a judicial officer in order to "make an example" out of the jurist or to allay the public's alleged fears of judicial dysfunction as portrayed by the media. The CJD's focus should always be on the individual judicial misconduct committed.[2] While the CJD is indisputably an independent court established by this Commonwealth's Constitution, PA. CONST. art. V. § 18(b)(1), it does not possess unbridled discretion to sanction a judicial officer in accordance with the purported whims of the CJD, the peculiar judge or judicial panel hearing the matter, or the "court of public opinion."

---

[2] This is evident in the CJD's consideration of the following nonexclusive factors the CJD adopted in *In re Toczydlowski*, 853 A.2d 24 (Pa. Ct. Jud. Disc. 2004), and applied in this case: (1) whether the misconduct is an isolated instance or evidenced a pattern of conduct; (2) the nature, extent and frequency of the acts of misconduct; (3) whether the conduct occurred in or out of the courtroom; (4) whether the misconduct occurred in the judge's official capacity or in his or her private life; (5) whether the judge has acknowledged or recognized that the acts occurred; (6) whether the judge has evidenced an effort to change or modify his or her conduct; (7) the judge's length of service on the bench; (8) whether there have been prior complaints about the judge; (9) the effect the misconduct has upon the integrity of and respect for the judiciary; and (10) the extent to which the judge exploited his position to satisfy his personal desires.